GILLESPIE, Presiding Justice:
Perrin D. Thomas filed a petition for ha-beas corpus against the Sheriff of Hinds County alleging that he was being unlawfully imprisoned. The circuit court sustained the petition and discharged appellant from custody. The State appealed. We reverse and dismiss the writ. '
Appellant was charged in Justice of the Peace Edgeworth’s court with four misdemeanor charges of uttering bad checks. Appellant was then serving time under a misdemeanor conviction by Judge Fuqua, another Hinds County Justice of the Peace. Thomas was brought from the Hinds County Penal Farm to answer the four charges in Justice of the Peace Edgeworth’s court. Judge Edgeworth knew appellant was then serving time under Judge Fuqua’s former sentence. Identical judgments were entered by Judge Edgeworth on the four charges, and Thomas was sentenced to serve thirty days on each charge. Each of the four judgments provided that “(T)his sentence to run consecutively to other sentences.” Appellant was immediately returned to the *193 county penal farm and after serving one hundred and twenty days, or four thirty day sentences, he filed the habeas corpus petition.
The question is whether appellant may be lawfully held until he serves the original sentence imposed in Judge Fuqua’s court in addition to the four sentences imposed by Judge Edgeworth.
The statute governing this subject is Mississippi Code 1942 Annotated, section 2567 (1956), which is as follows:
When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify. Provided, however, that when a person is convicted at the same term of a circuit or county court of more than one offense, the judge of such court may impose sentences on such convictions to run concurrently.
All orders imposing sentences, heretofore to run concurrently, if so ordered, are hereby validated and confirmed.
The parties have not cited any other statute on the subject and the foregoing appears to apply in all criminal prosecutions, including those in justice of the peace courts.
The first sentence of this statute provides that all sentences are to run consecutively. Judge Edgeworth’s judgment so specified. The second sentence permits circuit and county judges to impose sentences to run concurrently on convictions at the same term of court. However, the statutory authority to provide for convictions to run concurrently is limited to the circuit and county courts.
We are of the opinion that the statute requires all sentences imposed by justices of the peace to run consecutively. The statute provides that the sentence ought to so specify but does not provide that the failure to so specify shall nullify the provision that all sentences shall commence at the termination of imprisonment for the preceding conviction. However, each of the four judgments entered by Judge Edgeworth provided that “this sentence to run consecutively to other sentences.” This is in accord with what the statute states the sentence ought to specify.
The judgment releasing appellee was erroneous and is reversed and the petition for writ of habeas corpus is dismissed.
Judgment reversed and petition for ha-beas corpus dismissed.
RODGERS, BRADY, PATTERSON, and SMITH, JJ., concur.