SUGG, Justice:
This appeal is from an order of the Circuit Court of Warren County denying the petition for writ of habeas corpus filed by appellant.
During the November, 1969, term of the Circuit Court of Warren County, Mississippi, appellant entered a plea of guilty to the charge of burglary and was sentenced to serve a term of 6 years in the Mississippi State Penitentiary. Appellant filed a petition for writ of habeas corpus, pro se, on March 7, 1971 alleging that he was denied his constitutional rights to assistance of counsel, and to compulsory process for 'the securing of witnesses for his trial.
*822 After the petition for writ of habeas corpus was filed and before a trial on the petition, a psychiatric examination was, conducted at Mississippi State Hospital, Whitfield, Mississippi. It was the unanimous opinion of the staff that appellant was without psychosis and that his I.Q. was 67 which is within the mild retarded range of I.Q. The staff was of the opinion that appellant might actually function at a somewhat higher level but due to his resistance to psychological tests, his I.Q. may have been lowered somewhat.
The record of appellant’s guilty plea and waiver of counsel made at the November, 1969 term of the court is not complete. The circuit judge, during the interrogation of the defendant, with reference to change of plea and waiver of counsel, noticed that the court reporter was not taking down all the proceedings. He instructed the reporter to take down the statements made to the defendant and the answers of the defendant, but did not begin anew his explanation to the defendant of his rights. This case is controlled by Alexander v. State, 226 So.2d 905 (Miss.1969) and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In Alexander, supra, this Court stated:
The trial court should not accept a guilty plea or a change from a not guilty to a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. A transcript or record of that proceeding is essential. However, this does not preclude other types of clear and convincing evidence which shows that accused voluntarily and understandingly elected to plead guilty. Anything else is insufficient to establish waiver. In short, a record should be made of what transpires at the pleading stage, which is sufficient to support the acceptance by the trial court of the guilty plea and to reflect that it was made voluntarily and understandingly by the defendant. (226 So.2d at 909.) (Emphasis added.)
in the absence of a complete record of the waiver of counsel and change of plea the evidence is not clear and convincing that the accused voluntarily and understandingly waived assistance of counsel and elected to plead guilty. As heretofore noted, appellant’s I.Q. was within the mild retarded range and when dealing with persons of sub-standard mentality the Court should be especially careful to ascertain that such persons understand their rights. The explanation should be in terms simple enough to be understood by a defendant.
Alexander, supra, also held: “In several cases this Court has placed the affirmative duty upon the state to show an intelligent and competent waiver of counsel.” Conn v. State, 251 Miss. 488, 170 So.2d 20 (1964), Clarke v. State, 251 Miss. 627, 170 So.2d 575 (1965), and Bruno v. Cook, Superintendent of State Penitentiary, 224 So.2d 567 (Miss.1969).
We stated further in Alexander, supra, the following:
These cases established in this jurisdiction a requirement that before a defendant can be tried for a felony without counsel, there must be an intelligent and competent waiver, and that this must be evidenced affirmatively by a record or transcript of the trial judge’s interrogation of the defendant, precedent to his determination that there was a voluntary and intelligent waiver of counsel. (226 So.2d at 908.)
The State of Mississippi did not answer the brief of appellant, but filed a motion to dismiss the appeal on the ground that appellant’s remedy, if any, was not by habeas corpus but by writ of error coram nobis.
In Allred v. State, 187 So.2d 28 (Miss.1966), the petitioner, who had pled guilty to burglary, filed a petition for writ of ha- *823 beas corpus in the Circuit Court of Monroe County, Mississippi, alleging that he was denied right of assistance of counsel. The circuit judge ordered the petitioner released on bail and granted him a new trial.
Justice Rodgers, speaking for the Court, fully discussed post conviction remedies and procedures in this State. Although it was pointed out in Allred that the writ of habeas corpus cannot be used to authorize the discharge of any person convicted of an offense, the Court treated the petition for writ of habeas corpus as a writ of error coram nobis, and stated:
In the instant case, after the trial judge had heard the testimony, he not only released the prisoner on bail, as is permitted in habeas corpus proceedings, (Miss.Code Ann. § 2831, 1956), but he granted a new trial to the petitioner in the circuit court, which is not done on a hearing in a habeas corpus proceeding, but which is a duty to be performed by a trial judge in a hearing for a writ of error coram nobis to set aside or correct a sentence, or grant a new trial. Re: Broom’s Petition, 251 Miss. 25, 168 So.2d 44 (1964). We will therefore consider the acts and judgment of the trial court as if the judge had proceeded upon a petition for a writ of error coram nobis. (187 So.2d at 32.)
The effect of this decision is that the courts must look to the substance of any petition filed seeking a post conviction remedy rather than considering such petition by its title. If it is styled writ of ha-beas corpus but states a case for relief under a writ of error coram nobis, the court should treat it as such and hear and dispose of the case on this basis.
We follow the pronouncement of the Court in Allred v. State, supra, and will consider the acts and judgment of the trial court as if the judge had proceeded upon a petition for writ of error coram nobis. A dismissal of the appeal would merely postpone and delay the ultimate adjudication of the matters contained in appellant’s petition and we therefore overrule the motion of the State of Mississippi to dismiss the appeal.
The action of the trial court in denying appellant’s petition is reversed, and petitioner is ordered released from the Mississippi State Penitentiary to the custody of the sheriff of Warren County, Mississippi, and is granted a new trial with bail pending such trial.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.