ON MOTION TO STRIKE APPELLANT’S BRIEF AND TO DISMISS APPEAL
ROBERTSON, Justice:
Appellant, Russell E. Scott, filed a Motion to Suppress the Evidence, but misnamed it a petition for a writ of habeas corpus, in the Circuit Court of Harrison County, Mississippi. The gist of his complaint was that certain evidence was unlawfully and illegally obtained by a search, unlawful and illegal because without probable cause, and such evidence should not have been considered by the justice of the peace conducting the preliminary hearing as a basis for binding over Scott to await the action of the grand jury.
An evidentiary hearing was had in the circuit court on this petition for writ of habeas corpus. The circuit court denied the petition. The transcript of the record was filed in this Court on November 21, 1972, and the brief for the appellant on December 29, 1972.
On January 9, 1973, the Attorney General of Mississippi filed a Motion to Strike the Appellant’s Brief and to Dismiss the Appeal.
It is the opinion of this Court that the motion to strike the appellant’s brief and to dismiss the appeal is well taken, and that the appellant’s brief should be stricken and the appeal dismissed.
It is perfectly obvious on the face of the petition that it is a preliminary motion to suppress evidence and an appeal from a preliminary hearing at which bail was fixed for appellant. The circuit court treated it as such but took evidence at the hearing and then denied the petition.
We are of the opinion that the circuit court should have disposed of the petition without an evidentiary hearing under the authority of Section 2820, Mississippi Code 1942 Annotated (1956), which provides:
“If from the showing made by the petition for habeas corpus it be manifest that the person by whom, or on whose behalf, it is presented is not entitled to any relief thereby, the judge or chancellor may refuse to grant the writ, indorsing on the application his reason therefor.”
*501 The reason endorsed on the petition could he that it was “a motion to suppress evidence prematurely filed.”
We said in Ray v. State, 229 So.2d 579 (Miss.1969):
“Habeas corpus proceeding is not a method of appeal nor is it a method of deciding the sufficiency of evidence introduced in a hearing before the trial court.” 229 So.2d at 581.
In Young v. State, 264 So.2d 821 (Miss.1972), we suggested:
“The effect of this decision is that the courts must look to the substance of any petition filed seeking a post conviction remedy rather than considering such petition by its title. If it is styled writ of habeas corpus but states a case for relief under a writ of error coram nobis, the court should treat it as such and hear and dispose of the case on this basis.” 264 So.2d at 823.
The same reasoning should apply in this case. It is perfectly apparent on the face of this pleading that it is in truth and in fact a motion to suppress evidence, and should be disposed of as such without an evidentiary hearing.
Prior to the constitutional innovations of the last decade, the trial of a criminal case was an entirety. It began and proceeded to a conclusion and questions of procedure and of the competency of evidence were matters which arose and were decided by the court in the normal course of the trial. The trial court’s rulings, of course, were all subject to review on the appeal which lay from the final judgment. Until recent years, this procedure has not been thought to deprive an accused of his “rights” nor to deny him a fair trial.
In the last decade, however, judicial interpretations of the Constitution in the field of criminal law have fragmented the trial of criminal cases to such an extent that it is now suggested that each question of evidence or of procedure requires a separate trial, to be separately heard and determined, and that an appeal lies from each adverse ruling of the court.
Leaving aside the all too apparent impairment of the orderly and effective administration of the criminal laws, court dockets at both the trial and appellate level are flooded with “cases” raising procedural questions, which have been for centuries considered incidents of the trial. In the present case, appellant will be afforded ample opportunity in the course of his trial to present his objections to the evidence, and may have, if requested and appropriate, a separate evidentiary hearing thereon outside the presence of the jury. The rulings of the court on all such matters, are, of course, subject to review on final appeal. If every question of evidence is to constitute a matter requiring a separate trial, followed by an appeal of an adverse decision, interminable delay will inevitably result. Moreover, if that view should be adopted, efforts to enforce the criminal laws, an already difficult task, will be reduced to a mockery by the courts themselves.
The Motion to Strike the Appellant’s Brief and to Dismiss the Appeal is well taken and should be sustained.
Motion sustained and appeal dismissed.
All Justices concur.