328 So.2d 349 (1976)
Tommy G. MAYCOCK
v.
Jack K. REED, Superintendent, Mississippi State Penitentiary.
No. 49120.
Supreme Court of Mississippi.
March 16, 1976.
Michael J. Malouf, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., INZER, P.J., and ROBERTSON, J.
*350 INZER, Presiding Justice.
Tommy G. Maycock appeals from a judgment of the Circuit Court of the First Judicial District of Carroll County denying a writ of habeas corpus and dismissing his petition. We affirm.
Appellant filed his petition for writ of habeas corpus on April 25, 1975, alleging that on or about December 14, 1973, he was sentenced by the Circuit Court of Carroll County to serve a term of two years in the State Penitentiary for the unlawful sale of a controlled substance on a plea of guilty to each of four indictments, being Causes No. 2825, 2826, 2827 and 2828. It was alleged that the judgments imposing sentences were confusing as to whether they were to run concurrently or consecutively, and therefore must be construed to run concurrently. It was further alleged that petitioner had already served more than two years and was entitled to be discharged.
As an additional ground to support his petition, petitioner alleged that he was indicted and sentenced on four separate charges all of which arose out of a single transaction, and therefore, he was sentenced for four separate crimes when, in fact, only one crime was committed, and the sentencing for four separate crimes constituted double jeopardy in violation of his constitutional rights.
A hearing was had and the circuit judge denied the petition holding that the sentences were not ambiguous because under the statute they were to run consecutively. A judgment was entered denying the writ of habeas corpus. Hence, this appeal.
The first question raised on appeal is whether the sentences as imposed were to run consecutively or concurrently. The record reveals that appellant was indicted by the grand jury on four separate indictments for the violation of the controlled substances act. In Cause No. 2825, he was charged with selling marijuana on September 9, 1973, to J. Dempsey Newman for $30; in Cause No. 2826, he was charged with selling marijuana on September 9, 1973, to James K. Anthony for $45; in Cause No. 2827, he was charged with selling 150 tablets of LSD on September 9, 1973, to J. Dempsey Newman for $270; and in Cause No. 2828, he was charged with selling on September 9, 1973, 50 tablets of LSD to James K. Anthony for $70.
At the December 1973 term of the court, appellant, represented by retained counsel, entered separate pleas of guilty to each of the indictments. The judgment in Cause No. 2825 reads as follows:
This day into open Court came the District Attorney who prosecutes for the State of Mississippi and came also Tommy G. Maycock in his own proper person and represented by counsel and was lawfully arraigned upon an indictment lawfully returned by the Grand Jury of the First Judicial District of Carroll County, said State, charging the said defendant with the crime of Unlawful Sale of a Controlled Substance, to-wit: cannabis sativa, commonly known as marijuana. And being duly advised of all his legal and constitutional rights in the premises and being further advised of the consequences of such a plea and defendant did then and there enter his plea of guilty to said indictment.
Therefore, for said offense and on said plea of guilty it is by the court ordered and adjudged that the said Tommy G. Maycock be and he is hereby sentenced to serve a term of two (2) years in the State Penitentiary, and he is remanded into the custody of the Sheriff to await transportation.
So ordered and adjudged in open court, this the 14th day of December 1973.
*351 That part of the judgment in the other three cases imposing a sentence of two years in each case are in the same language as set out above.
The controlling statute is Section 99-19-21, Mississippi Code 1972 Annotated. Prior to 1942 this section appeared as Section 1319, Code of 1930, and reads as follows:
In case of more than one conviction imprisonment on second to begin at end of first. 
When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify.
Under this statute there was no provision authorizing the Circuit or County Judges to order sentences to run concurrently and all sentences ran consecutively. In 1942 the legislature enacted Chapter 301, Laws of 1942, amending the above section to read as follows:
AN ACT to amend section 1319, Mississippi code of 1930, so as to provide that circuit and county judges may impose sentences to run concurrently.
Section 1. Be it enacted by the Legislature of the State of Mississippi, that section 1319, Mississippi code of 1930, be and the same is hereby amended to read as follows:
In case of more than one conviction imprisonment on second to begin at end of first.
1319. When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify. Provided, however, that when a person is convicted at the same term of a circuit or county court of more than one offense, the judge of such court may impose sentences on such convictions to run concurrently.
Sec. 2. All orders imposing sentences heretofore to run concurrently, if so ordered, are hereby validated and confirmed.
It is clear that the purpose of this amendment was to authorize circuit and county judges in their discretion to order sentences to run concurrently when more than one sentence was imposed on a defendant at the same term of court and to validate those sentences that the circuit and county judges had theretofore ordered to run concurrently without statutory authority to do so.
Under the terms of the statute all sentences are to run consecutively, unless more than one sentence is imposed at the same term of court, and the judge in his discretion orders the sentences to run concurrently. In the case before us, there is nothing in the judgments to indicate that the sentences imposed were to run concurrently. However, appellant contends that since the order imposing sentence did not specify that they were to run consecutively, they should be construed to run concurrently. While it is true that the statute says that "the sentence ought to so specify" we held in Pickett v. Thomas, 209 So.2d 192 (Miss. 1968) that although the statute in question provides that the sentence ought to so specify, the failure to so specify does not nullify the provisions that all sentences shall commence at the termination of the imprisonment of the preceding sentence.
Appellant also contends that the failure to specify that the sentences were to run consecutively makes the judgments ambiguous *352 and that the rule announced in Anderson v. State, 288 So.2d 852 (Miss. 1974), is applicable. In Anderson, the first sentence provided that it was to begin on that day and the other judgments provided that they would begin on that day and were to run consecutively with the first sentence imposed. These judgments were ambiguous and we held that they should be construed most favorably to the appellant. Here there is nothing ambiguous about the judgments entered. Under the terms of the statute they were to run consecutively unless the judgment provided otherwise. Since there is nothing in the judgments specifying whether they were to run consecutively or concurrently, they must be construed to run consecutively. The trial judge correctly held that the sentences imposed were to run consecutively.
We find no merit in appellant's contention that the circuit court was in error in failing to hold that the "one transaction rule" applies. It is contended that the four indictments for separate crimes grew out of the same facts and circumstances. At the most all that the proof in the record shows on this issue is that there were four separate transactions on the same occasion, which of course, does not come within the one transaction rule announced in Laughter v. State, 241 So.2d 641 (Miss. 1971). We pointed out in Wolf v. State, 281 So.2d 445 (Miss. 1973) that an accused may not be prosecuted for two offenses when both arise out of the same transaction, where one is necessarily incident to the other. But where, as here, the same transaction gives rise to separate and distinct offenses, prosecution for one will not bar prosecution for the other.
For the reasons stated this case must be and is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.