394 So.2d 903 (1981)
Jerrie WATTS
v.
Eddie LUCAS (Warden, Mississippi State Penitentiary), State of Mississippi.
No. 52338.
Supreme Court of Mississippi.
March 4, 1981.
Jerrie Watts, pro se.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from an order denying a writ of habeas corpus.
Jerrie Watts filed, pro se, a pleading styled "Petition for Writ of Habeas Corpus" on May 3, 1980, in the Circuit Court of Pike County. He alleged that during the March 1968 Term of the Circuit Court of Pike County he was tried and convicted on charges of murder, rape and kidnapping, for which crimes he was sentenced to serve *904 three separate life sentences. He further alleged that the sentences imposed were to run concurrently, but that the records at the Mississippi State Penitentiary show that the sentences are to run consecutively.
The circuit judge was of the opinion that the petition showed no cause for relief on its face and entered an order denying the writ of habeas corpus. Hence, this appeal.
At the outset we note that courts must look to the substance of any petition filed seeking a post-conviction remedy rather than considering such petition by its title. Young v. State, 264 So.2d 821 (Miss. 1972). Since the petitioner is not seeking immediate release, but only a judicial determination of when he is eligible to be considered for parole, we consider his pleading as a petition to clarify his sentence.
Mississippi Code Annotated section 99-19-21 (1972) provides:
When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify. Provided, however, that when a person is convicted at the same term of a circuit or county court of more than one offense, the judge of such court may impose sentences on such convictions to run concurrently.
All orders imposing sentences heretofore to run concurrently, if so ordered, are hereby validated and confirmed. (Emphasis added).
In Maycock v. Reed, 328 So.2d 349 (Miss. 1976), we construed this statute to mean that if more than one sentence is imposed at the same term of court the sentences are to run consecutively, unless the judge in his discretion orders the sentences to run concurrently. Where the judge does not specify whether the sentences are to run consecutively or concurrently, they must be construed to run consecutively, except under circumstances hereinafter discussed.
In Anderson v. State, 288 So.2d 852 (Miss. 1974), there were eight orders sentencing Anderson, all entered on the same day. Each of the orders recited: "date of sentence to commence from today." The Court held that this phrase meant that all sentences would run concurrently from the date of sentencing, despite the fact that there was added to seven of the orders this sentence: "Sentence imposed herein to run consecutively with sentence imposed in [the first cause]." The Court found the last provision was conflicting with the phrase in each order reciting that each sentence would "commence from today." Therefore, it resolved the ambiguity in favor of the accused.
In the case a bar, the orders sentencing Watts do not specifically state that his sentences are to run concurrently. However, each of the three orders, all dated March 25, 1968, imposed a life sentence "commencing from this date." Clearly, this means that all three life sentences are to run concurrently from March 25, 1968, and the records of the circuit court and Department of Corrections should so reflect.
Therefore, the order of the circuit judge denying the writ of habeas corpus should be affirmed, but judgment is hereby entered clarifying the sentencing orders so as to reflect that Watts' three life sentences, all commencing on March 25, 1968, are to run concurrently from that date.
AFFIRMED AS MODIFIED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.