HAWKINS, Justice,
for the Court:
John Ivory appeals from an order of the Circuit Court of Sunflower County, denying without a hearing thereon his Petition for a Writ of Habeas Corpus and other relief. We reverse and remand for a hearing on the merits.
The issue raised on this appeal is whether a prisoner of the Mississippi Department of Corrections who has been released under a supervised earned release program authorized by statute, and later apprehended for violation of the rules promulgated thereunder, is thereby denied credit on his sentence for the period of time he was released under such program.
In March, 1972, Ivory was convicted of the crime of armed robbery in the Circuit Court of Clay County and sentenced to serve a term of thirty (30) years in the state penitentiary at Parchman. On April 28, 1977, he was released under the Supervised Earned Release Program (SER) authorized by 1977 Miss.Laws, Ch. 479, § 4 (codified in Mississippi Code Annotated 47-5-171 (Supp. 1980)). He was returned to the penitentiary on September 10, 1979, for violating the terms of his SER agreement.
On November 13, 1980, he filed pro se in the Circuit Court of Sunflower County a “Petition for Writ of Habeas Corpus or in the Alternative, Request for Order to Show Cause” against the warden and others, alleging the above facts and that he had been advised upon his return by the prison officials that he would not be given credit for time served. He requested a hearing to determine whether he was entitled to such credit and to parole consideration.
The circuit judge dismissed the petition on two grounds: (1) a SER releasee who is apprehended for violation is in the same category as a parolee who violates the terms of his parole, and (2) the appellant was not eligible for the SER program.
We find no legislative intent to place persons who violate parole in the same category as a prisoner apprehended for violation of the SER program, and further, that Ivory was eligible for the SER program under the law in existence when he was placed on the program. Therefore, we remand this cause for hearing on the petition.
Addressing first the holding of the circuit judge that Ivory was ineligible for the SER program, it is to be noted that Section 4(l)(d) of Chapter 479, Mississippi Laws 1977 provided as follows:
(d) No person shall be eligible for supervised earned release under this section who shall on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm. (Emphasis added)
The above statute was approved April 14, 1977, and Section 9 of the Act provided it should be in force and effect after its passage. It is therefore clear that at the time Ivory was released on April 28,1977, he was eligible for such program.
*1286 This law has since been amended, and sub-paragraph (I)(d) of the present Mississippi Code Annotated § 47-5-171 reads as follows:
(d) No person shall be eligible for supervised earned release under this section who shall have been convicted of a crime committed through the display of a deadly weapon, or by other means likely to produce death or serious bodily harm, (eff. July 1, 1978)
While he would not be eligible for SER under the present law, he was at the time of his release on April 28, 1977.
Although release under parole and the SER program place many identical and very similar restrictions upon the convict, there are differences.
Mississippi Code Annotated § 47-7-27 (Supp.1980) clearly provides that a parolee, whose parole has been revoked, is not entitled to credit on his sentence for the time he was out on parole:
The board may then, or at any time in its discretion, terminate such parole or modify the terms and conditions thereof. In the event the board shall revoke parole, the offender shall serve the remainder of the sentence originally imposed unless at a later date the board shall think it expedient to grant the offender a second parole. In case a second parole shall not be granted, then the offender shall serve the remainder of the sentence originally imposed, and the time the offender was out on parole shall not be taken into account to diminish the time for which he was sentenced.
The SER program contains no such penalty for a person who is apprehended or whose release is terminated for violation of the terms of his release.
In the absence of the clear statement of legislative intent, apparent in § 47-7-27 that a parole violator is not entitled to have his sentence diminished for the time he was on parole, we would be compelled to hold such time should be taken into account as credit on the appellant’s sentence. There being no similar penalty in the SER program, we cannot hold that Ivory, as a matter of law, must be denied credit on his sentence because he was terminated or apprehended for violation of his SER agreement.
§ 47-7-27 (Supp.1980) likewise contains the following provisions relative to a parole violator:
The field supervisor, after making an arrest, shall present to the detaining authorities a similar statement of the circumstances of violation. The field supervisor shall at once notify the board of the arrest and detention of the parolee and shall submit a written report showing in what manner the parolee has violated the conditions of parole. An offender for whose return a warrant has been issued by the board shall, after the issuance of such warrant, be deemed a fugitive from justice.
* * * * * *
At the next meeting of the board held after the issuance of a warrant for the retaking of any offender, the board shall be notified thereof; and if the offender shall have been taken into custody, he shall then be given an opportunity to appeal to the board in writing or in person why his parole should not be revoked. The board may then, or at any time in its discretion, terminate such parole or modify the terms and conditions thereof.
On the other hand, no violation is even required under the SER program in order to terminate the release of a convict. Paragraph 11 of the Statement of Conditions Under Which Supervised Earned Release is Granted, signed by the convict, reads as follows:
11. It is understood by me that I am at all times, during this Supervised Earned Release, a subject of the Department of Corrections and that I accept this assignment with the understanding that, in addition to the foregoing specific conditions of Supervised Earned Release, if at any time while this is in effect I conduct myself, whether by work, writing or act, so as to indicate to the Department, that in their discretion the reasonable proba *1287 bility of rehabilitation on which this Supervised Earned Release has been granted does not exist; or, if in the opinion of the Department the remaining time on Supervised Earned Release is incompatible with the welfare of society, the Department has the right, without notice or hearing to the prisoner except as otherwise provided by statute, to revoke this Supervised Earned Release; and the Field Supervisor or other authorized personnel of the Department of Corrections is authorized to effect my arrest pending revocation.
There is no hearing required by statute upon the termination of such release as required for the revocation of a prisoner’s parole.
We, therefore, believe Ivory was entitled to an answer to his petition and a hearing.
We do not pass upon the merits of his petition, this being for the trial judge, nor construe in any manner whether he is entitled to parole consideration, this being a matter entirely within the discretion of the parole board. Of course, in consideration of a pro se pleading, the substance should be noted, rather than the title of same. Watts v. Lucas, 394 So.2d 903 (Miss.1981).
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.