BOWLING, Justice,
for the Court:
Appellant Walter Glover was indicted and convicted in the Circuit Court of the First Judicial District of Hinds County for the possession of marijuana with the intent to deliver. He appeals his conviction and advances two assignments of error.
We shall not discuss the facts of the case or the assignments of error for the reason that a study of the record and briefs clearly reveals no reversible error.
We find a plain error that requires discussion for the Bench and Bar and a remand of the case. [Mississippi Supreme Court Rule 6]. There is no authority for the method used by the lower court in sentencing appellant. Contrarily, the authority is clear that he was erroneously sentenced.
*589 The trial of appellant in the present case was had on September 13, 1981, at the September 1981 term of the Circuit Court of the First Judicial District of Hinds County. The sentencing hearing was conducted by the trial court on September 18, 1981, along with a revocation hearing involving a prior sentence received by appellant in the same court. This prior sentence came about as a result of a plea of guilty by appellant on January 22,1979, for the crime of aggravated assault. The court on the date of that plea imposed a sentence of five years in the custody of the Mississippi Department of Corrections. The entire five-year sentence was suspended and appellant placed on probation for that period of time.
After the sentencing hearing in the present case, the lower court imposed the sentence on appellant of. ten years in the custody of the Mississippi Department of Corrections. Five years of the sentence were suspended with the further stipulation by the court; “I’m going to let the five (5) years run concurrent with your suspended sentence in cause number 0347.” The suspension of this sentence was revoked.
The Bench and Bar should be reminded that the Legislature in 1942 laid out specific instructions on the imposition of concurrent or consecutive sentences. Prior to 1942 all multiple sentences were required to run consecutively. The Legislature in its 1942 session enacted Chapter 301, Laws of 1942, amending the prior sentencing statute. This amended act read as follows:
AN ACT to amend section 1319, Mississippi Code of 1930, so as to provide that circuit and county judges may impose sentences to run concurrently.
Section 1. Be it enacted by the Legislature of the State of Mississippi, that section 1319, Mississippi Code of 1930, be and the same is hereby amended to read as follows:
In case of more than one conviction imprisonment on second to begin at end of first.
1319. When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify. Provided, however, that when a person is convicted at the same term of a circuit or county court of more than one offense, the judge of such court may impose sentences on such convictions to run concurrently.
The above quoted statute has been carried forward in Mississippi codes since its enactment and appears as MCA § 99-19-21 (1972).
This Court had the question before it in the case of Maycock v. Reed, 328 So.2d 349 (Miss.1976), and there we said:
It is clear that the purpose of this amendment was to authorize circuit and county judges in their discretion to order sentences to run concurrently when more than one sentence was imposed on a defendant at the same term of court and to validate those sentences that the circuit and county judges had theretofore ordered to run concurrently without statutory authority to do so.
Under the terms of the statute all sentences are to run consecutively, unless more than one sentence is imposed at the same term of court, and the judge in his discretion orders the sentences to run concurrently.
Undisputedly, the five-year suspended sentence that was revoked by the lower court was rendered on June 22, 1979. The sentence in the cause sub judice was rendered at the September 1981 term of court. It is clear then that there was no legal authority for the lower court to impose the sentence in this case to run concurrently with the revoked sentence in the prior case. The sentences were not “at the same term of court.”
In Pickett v. Thomas 209 So.2d 912 (Miss.1968), we were compelled to hold that a justice of the peace court could not impose sentences to run concurrently. The Legislature by its 1942 amendment only authorized concurrent sentences at the same term of court of the circuit or county court. Until there is any further change by the legis *590 lature, the Bench and Bar of this state are mandated to impose concurrent or consecutive sentences pursuant to § 99-19-21.
We, therefore, remand the cause for another sentencing hearing consistent with the above directions.
REMANDED FOR PROPER SENTENCING HEARING.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE,' HAWKINS, DAN M. LEE and PRATHER, JJ., concur.