437 So.2d 423 (1983)
Albert BALL
v.
STATE of Mississippi.
No. 54438.
Supreme Court of Mississippi.
September 14, 1983.
*424 Albert Ball, pro se.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Albert Ball, seeking clarification of his sentence, presents two questions: First, when on the same day and as a part of the same occurrence, a person assaults three police officers, may he be subjected to three separate charges of assault?[1] Second, under such circumstances, may the accused be given three separate prison sentences which run consecutively?
We answer each question in the affirmative and uphold the Circuit Court's order dismissing Ball's petition.

II.
On August 19, 1982, the Grand Jury of Lowndes County returned three separate indictments against Albert Ball. In Case No. 7534, it was charged that on May 5, 1982, Ball committed a simple assault upon Doug Johnson, a law enforcement officer of Lowndes County, Mississippi. Next, in Case No. 7535, it was charged that on the same day, May 5, 1982, Ball committed a simple assault upon Carlton Howard, an officer of the City of Columbus Police Department. Finally, in Case No. 7536, it was charged that again on May 5, 1982, Ball committed a simple assault upon Don Bailey, another officer of the City of Columbus Police Department.
Thereafter, on August 30, 1982, Ball appeared before the Circuit Court of Lowndes County, Mississippi, and entered a plea of guilty to each of the three charges.
In No. 7534, following his plea of guilty to the charge of assault on Officer Doug Johnson, Ball was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections, "said sentence to run consecutively with the sentences imposed in Case Nos. 7535 and 7536".
In No. 7535, following his plea of guilty to the charge of assault on Officer Carlton Howard, Ball was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections, "said sentence to run consecutively with the sentences imposed in Case Nos. 7534 and 7536".
In No. 7536, following his plea of guilty to the charge of assault on Officer Don Bailey, Ball was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections, "said sentence *425 to run consecutively with the sentences imposed in Case Nos. 7534 and 7535".

III.
The courts of this state are open to persons incarcerated at the Mississippi State Penitentiary raising questions regarding the term or duration of their confinement. See, e.g., Hill v. State, 388 So.2d 143, 146 (Miss. 1980); Watts v. Lucas, 394 So.2d 903 (Miss. 1981); Davis v. State, 429 So.2d 262, 263 (Miss. 1983); Segarra v. State, 430 So.2d 408, 409 (Miss. 1983).
Rule 8.07 of the Uniform Criminal Rules of Circuit Court Practice provides a procedural vehicle which may be invoked by prisoners presenting such issues. Albert Ball has properly invoked that procedure. The Circuit Court having denied him relief, the matter has been brought within this Court's appellate jurisdiction. Ball's appeal is ripe for decision.

IV.
Ball does not challenge the voluntariness or the legality of his guilty pleas. Those pleas established for purposes of the present case that on May 5, 1982, Ball committed an assault on Officer Johnson, then committed an assault on Officer Howard, and finally committed an assault on Officer Bailey (though not necessarily in that order, nothing turning on the point).
Ball argues that all three assaults arose out of the same incident. He contends that the three assaults were a part of the same transaction or occurrence and that the separate sentences violate principles announced in Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Whalen concerned whether a defendant could receive two separate sentences when one act or transaction violated two different statutes. This case is wholly distinguishable. It concerns three separate factual incidents each charged as a violation of the same statute.
If a man walks into a room, fires three shots, and kills three persons, he is liable to prosecution for three separate homicides. Likewise, a person may break and enter a dwelling and then while inside commit a rape, and if he does, he is liable to prosecution for both burglary and rape. Smith v. State, 429 So.2d 252 (Miss. 1983). Temporal proximity does not generate a juridical union of separate and distinct criminal acts, nor does the presence of a common nucleus of operative facts. Had Ball on May 5, 1982, within moments, shot and killed Officers Johnson, Howard, and Bailey, he would clearly be liable for three homicide prosecutions. That he only committed a "simple assault" upon each in no way alters the power of the State to mount three separate prosecutions.
These principles may be found in our decision in Maycock v. Reed, 328 So.2d 349 (Miss. 1976). In Maycock, petitioner had pled guilty to four different violations of the Controlled Substances Act, each occurring on September 9, 1973. On that date Maycock sold two bags of marijuana to two different people and two batches of LSD to the same two people. The State secured four separate indictments, convictions and sentences. Recognizing that four separate transactions occurred on the same occasion, this Court held that four separate and distinct offenses had nevertheless been committed. Each one was liable to separate sentencing. The same is true in the case of Albert Ball.

V.
Ball next contends that his sentences are ambiguous. He notes the failure of any of the three sentences to say when it begins and when it ends. The sentences merely provide that each will run consecutively with the other two.
To be sure, we have been presented a chicken and an egg situation. We have no way of reading the three sentencing orders and determining which sentence is to be served first, which second and which third. In Maycock, supra, each of the four sentences was silent as to when it began. Relying on our sentencing statute, this Court held that the petitioner's sentences were to be served consecutively.
*426 In pertinent part, our statute provides:
When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify. Provided, however, that when a person is convicted at the same term of a circuit or county court of more than one offense, the judge of such court may impose sentences on such convictions to run concurrently. Miss. Code Ann. § 99-19-21 (1972).
Maycock and Section 99-19-21 provide that the absence of language affirmatively indicating that sentences will run concurrently means that the sentences will run consecutively. 328 So.2d at 351; see also Pickett v. Thomas, 209 So.2d 192 (Miss. 1968).
Having said this much, we construe the sentencing orders and clarify Albert Ball's sentence as follows, to-wit: His sentence imposed in Case No. 7534 shall begin to run on the date of his original incarceration [which we assume (but do not know) to have been May 5, 1982]. Immediately upon his release from the imprisonment imposed in Case No. 7534, Ball shall begin serving the sentence imposed in Case No. 7535. Immediately upon his release from the imprisonment imposed in Case No. 7535, Ball shall begin serving the sentence imposed in Case No. 7536.
Orders imposing sentences to be served consecutively should provide for commencement at the termination of the imprisonment for the proceeding conviction. A provision in a sentence order to this effect would do much to clarify the manner in which it is to be served and avoid post-conviction petitions such as this.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] This offense is defined and made unlawful in Miss. Code Ann. § 97-3-7(1) (Supp. 1982). It authorizes a maximum sentence of a $1,000.00 fine, or five years imprisonment, or both.