ROBERTSON, Justice, for the Court:
I.
Cloud Tate, Petitioner below and Appellant here, is in the custody of the Mississippi Department of Corrections under two separate sentences — the first a term of three years and the second six years — imposed following two separate convictions of burglary during two separate terms of the Circuit Court of Lowndes County, Mississippi. The Circuit Court has told Tate he must serve these sentences consecutively.
Tate now argues that his sentences should be reordered so that his six year sentence on the second charge will be served concurrently with so much as remains of his three year sentence. For two separate reasons, Tate’s appeal must be rejected.
II.
First, the second sentencing order does not expressly provide that the sentences will run concurrently. We ascertain the legal import of this omission by reference to Miss.Code Ann. § 99-19-21 (1972) which, at all applicable times, provided:
When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence *1313 at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify. Provided, however, that when a person is convicted at the same term of a circuit or county court of more than one offense, the judge of such court may impose sentences on such convictions to run concurrently. [Emphasis added]
This statute has been construed so that, in the absence of language affirmatively indicating that sentences will run concurrently, the second term does not begin until the first has been completed. Ball v. State, 437 So.2d 423, 426 (Miss.1983); May cock v. Reed, 328 So.2d 349, 351 (Miss.1976); Pickett v. Thomas, 209 So.2d 192, 193 (Miss.1968).
On September 1, 1981, Tate entered his plea of guilty to the charge of burglary in Case No. 6966 on the docket of the Circuit Court of Lowndes County, Mississippi. His plea of guilty was accepted whereupon the Court imposed upon Tate a sentence of three years within the custody of the Mississippi Department of Corrections.
On February 25, 1982, Tate entered his plea of guilty to the charge of burglary in Case No. 7334 on the docket of the Circuit Court of Lowndes County, Mississippi. His plea of guilty was accepted whereupon the Court imposed upon Tate a sentence of six years within the custody of the Mississippi Department of Corrections.
Nothing in the sentencing order of February 25, 1982, indicates whether the sentencing judge intended that the six-year sentence run concurrently with or consecutively to the first sentence. Under the authorities indicated above, and under the statute as it read at that time, Tate’s two sentences run and must be served consecutively.
III.
Beyond that, the two sentences were imposed at different terms of the Circuit Court of Lowndes County, Mississippi. Glover v. State, 419 So.2d 588 (Miss.1982) holds that, under the law in effect at that time, the sentencing judge sitting at a subsequent term of court had no authority to provide that the six-year sentence run concurrently with the sentence in the earlier case. This is because the two sentences were not imposed, in the words of Section 99-19-21, “at the same term of court”. 419 So.2d at 589.
We note that Section 99-19-21 has been amended by the Mississippi Legislature to eliminate this construction. See Miss. Laws of 1983, Ch. 333, effective March 14, 1983. Under the statute as amended, the sentencing judge imposing the second term of imprisonment may “in his discretion” provide that the new sentence run consecutively or concurrently without regard to whether the two sentences be imposed at the same term.
This amended statute did not take effect until some thirteen months after Tate’s second sentence was imposed back on February 25, 1982. The Glover case was decided on September 15, 1982, some eight months after Tate’s second sentence. Glover authoritatively determines the state of our law back in February of 1982. That the Legislature has subsequently amended the statute and in effect overruled Glover gives Tate no comfort. See Allen v. State, 440 So.2d 544 (Miss.1983).
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE and SULLIVAN, JJ., concur.
PATTERSON, C.J., and PRATHER, J., not participating.