THOMAS, P.J.,
for the Court:
¶ 1. Marion Edwin Thompson appeals the denial of his motion for post-conviction relief. Aggrieved of this ruling, he appeals to this Court on the following grounds:
I. THE SENTENCING ORDER HEREIN REFLECTS CONSECUTIVE SENTENCES, AND A COMMITMENT ORDER DRAFTED BY ALFRED LOTT, PERRY COUNTY CIRCUIT COURT CLERK REFLECTS CONCURRENT SENTENCES. WHILE ANOTHER *211 COMMITMENT ORDER WAS EXECUTED AND SUBSEQUENTLY FILED, THERE IS SOME AMBIGUITY IN THE SENTENCING OF THE DEFENDANT;
II. DEFENDANT’S PAROLE ELIGIBILITY WOULD HAVE BEEN EXACTLY THE SAME IF HE • WOULD HAVE BEEN TRIED, CONVICTED, AND SENTENCED TO LIFE IN PERRY COUNTY. THEREFORE, THE PLEA “BARGAIN” IS NO BARGAIN AT ALL IF THE RECOMMENDATION WAS ACTUALLY CONSECUTIVE;
III. THE DEFENDANT RELIED ON THE ERRONEOUS ADVICE OF HIS ATTORNEY AND ASSISTANT DISTRICT ATTORNEY GLENN L. WHITE THAT HE WOULD RECEIVE A CONCURRENT SENTENCE; AND
IV. THE CIRCUIT COURT OF GEORGE COUNTY NO LONGER HAD JURISDICTION TO CHANGE OR MODIFY THE ORIGINAL SENTENCE. IT IS CLEAR THAT THE PREVIOUSLY IMPOSED SENTENCE CANNOT BE MODIFIED, AS SAID SENTENCE WAS IMPOSED BY A JURY.
¶ 2. As some of the issues above are procedurally barred, we will address only the issue of whether Thompson’s sentence in Perry County was to run concurrently or consecutively to a sentence he received in George County. Holding this assignment of error to be without merit, we affirm the judgment of the circuit court.
FACTS
¶ 3. Thompson committed two separate crimes of armed robbery in George County and Perry County Mississippi. Thompson was tried and convicted in George County on August 22, 1983 and sentenced to a term of life imprisonment in the Mississippi Department of Corrections. Thereafter, Thompson entered a plea of guilty to the charge of armed robbery in Perry County and received a sentence of twenty years in the Mississippi Department of Corrections. The order signed on September 20, 1983 stated that the twenty year sentence was to run consecutive to Thompson’s prior conviction in George County. On October 13, 1983, the Perry County Circuit Court Clerk executed a commitment order which stated that the twenty year sentence was to run concu/rrent with the sentence in George County. Thompson filed a motion for post-conviction relief, which was denied on January 28, 1987. See Thompson v. State, 501 So.2d 430 (Miss.1987).
¶ 4. Subsequent to consideration of parole on the George County sentence, Thompson realized that the sentences were running consecutively when provided a time sheet by the Mississippi Department of Corrections. On June 25, 1997, Thompson filed a motion to clarify the Perry County order, stating that through error, inadvertence and omission, the State of Mississippi incorrectly recommended and indicated that the above sentences were to run consecutively. Attached to this motion was an affidavit of Glenn L. White, the assistant district attorney who worked with Thompson on his guilty plea. This affidavit stated that, “to the best of my recollection, and based on information and belief, the recommendation of sentence in exchange for an entry of a plea of guilty was twenty (20) years in the MDOC, to run concurrent with the prior sentence in George County.”
¶ 5. On August 4, 1997, the Circuit Court of Perry County, Judge McKenzie presiding, the judge who executed the original .order, held an evidentiary hearing. During the hearing Glenn White testified differently than his previous affidavit. White testified that the recommendation of the State was that the sentence was to run consecutive. Although not made part of the official record, and we do not consider this on appeal, the. record of the original guilty plea put in Thompson’s record ex *212 cerpts, supports White’s assertion. The portion of the transcript in which the parties discussed whether the sentence was to run consecutively or concurrently provides in part:
By White: If it please the Court, I think the Order should specify that it would run consecutive with the sentence in George County.
By the Court: Absolutely.
By White: -and let that be reflected in the Court’s Order so there won’t be any-
By the Court: There’s no doubt. (To Mr. Thompson) You don’t think it’s going to run concurrently, do you? You didn’t believe that, I hope. Anything further?
(NO RESPONSE)
By the Court: Very well, let that be the Order of the Court.
In the order handed down on August 25, 1997, Judge McKenzie stated that based on case precedent, the testimony, and the evidence, Thompson’s motion to clarify the order was not meritorious.
I.
ANALYSIS
¶ 6. At the outset we must note that issues regarding the voluntariness of Thompson’s guilty plea are procedurally barred. Miss.Code Ann. § 99-39-23(6) (Supp.1998). Excepted from this bar are “cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.” Id.
¶ 7. In the case sub judice the circuit court sat without a jury to determine whether Thompson’s second conviction was to be served concurrently or consecutively. The standard of review in such cases is well settled. We “will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.” Schmitt v. State, 560 So.2d 148, 151 (Miss.1990) (citing Reynolds v. State, 521 So.2d 914, 918 (Miss.1988); Merritt v. State, 517 So.2d 517, 520 (Miss.1987)).
¶ 8. Mississippi Code Annotated § 99-19-21 instructs a trial court on sentencing when the defendant is sentenced on two or more convictions. The legislature amended Miss.Code. Ann. § 99-19-21 effective March 14, 1983. Thompson was sentenced September 20, 1983; however, Thompson was indicted for the armed robbery in Perry County on January 31, 1983. The Mississippi Supreme Court has held that “a defendant must be sentenced under statutes in effect at the time of the alleged offense.” Harper v. State, 463 So.2d 1036, 1041 (Miss.1985). Prior to its amendment Miss.Code Ann. § 99-19-21 stated: “When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify....” Tate v. State, 455 So.2d 1312, 1312-13 (Miss.1984) (quoting Miss.Code Ann. § 99-19-21 (1972)). This section was “construed so that, in the absence of language affirmatively indicating that sentences will run concurrently, the second term does not begin until the first has been completed.” Tate, 455 So.2d at 1313 (citing Ball v. State, 437 So.2d 423, 426 (Miss.1983); Maycock v. Reed, 328 So.2d 349, 351 (Miss.1976); Pickett v. Thomas, 209 So.2d 192, 193 (Miss.1968)).
¶ 9. The Mississippi Supreme Court has held that an order of a trial court imposing a sentence is controlling. Anderson v. State, 288 So.2d 852, 855 (Miss.1974). However, any ambiguity in an order must be resolved in favor of the accused. Id.
¶ 10. At the time Thompson committed the crime, Miss.Code Ann. § 99-19-21 required that separate sentences be served consecutively unless the court expressly ordered they be served concurrently. If, however, there was ambiguity in the sentencing order the Mississippi Supreme Court has held that the ambiguity must be resolved in favor of the accused. *213 Anderson, 288 So.2d at 855. However, there is no ambiguity in the Perry County sentencing order. The order clearly states that Thompson was “to serve a term of twenty (20) years at the Mississippi Department of Corrections to run consecutive with a prior sentence in George County, Mississippi.” (emphasis added). We cannot say that the circuit court’s judgment in this instance was clearly erroneous. We find no merit to this assignment of error.
¶11. THE JUDGMENT OF THE PERRY COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PERRY COUNTY.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, KING, PAYNE AND SOUTHWICK, JJ„ CONCUR.
IRVING AND LEE, JJ„ NOT PARTICIPATING.