288 So.2d 852 (1974)
William ANDERSON
v.
STATE of Mississippi.
No. 47636.
Supreme Court of Mississippi.
January 21, 1974.
*853 Lawrence D. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
William Anderson was indicted on eight charges of false pretenses. Each indictment charged that he had obtained money by false pretenses from Foodtown, an Alabama corporation, by means of a bank check, payment of which had been refused by the bank on which it was drawn because Anderson had on deposit in such bank insufficient funds with which to pay it.
Prior to the calling of the case for trial, there were extended and repeated discussions between prosecuting counsel and counsel for Anderson dealing with restitution of the loss by Anderson, possibility of probation or suspended sentence, the length of the sentence to be recommended and related matters. It appears from the record that representatives of Foodtown were present and apparently participated to some extent in at least some of these discussions.
Some of these talks between counsel took place in chambers with the judge present, although the judge took no part in them. Finally, prosecuting counsel announced to the court that the state would demand a three year sentence in each case, the sentences to run concurrently. However, the judge did not commit himself and nothing was specifically agreed upon. But counsel for Anderson, as the result of these talks, informed his client, with the judge present, that if he, Anderson, made restitution he probably would receive probation or a suspended sentence.
MR. SHADDOCK: May it please the Court, in conversation with the prosecuting witnesses, all of them seated here, along with the bank officials, and Mr. Clinton Lockard, the attorney for the food sote, [sic] my recommendation was that we were ready for trial. And if he wants to plead guilty on all these charges and defer sentencing until October, my recommendation would be that he serve three years in the State Penitentiary on each one of these counts; and the others could run concurrently. But I understand, after he entered that plea, this becomes a matter of the Court, to impose the sentence that it feels meet and propert. [sic]... .
THE COURT: What says Counsel for the Defendant?
MR. SYKES: May it please the Court, we would ask the Court to defer sentence at this time, until the October term, in order that he can have an opportunity to make restitution. We are prepared at this time to make restitution on two of the inditements. [sic].
THE COURT: All right, I will do this: I will defer the sentence until the first *854 day of the October term, Mr. Anderson, and I will have the Parole Officer make an investigation into your background, and so on down the line; and at that time I will make a sentence in this case.
The sentence in this case will be deferred until the October term.
In this atmosphere, an agreement to continue the cases for ninety days was reached, Anderson apparently considering that the delay was granted to afford him an opportunity to get up the money to make restitution. In any event, Anderson withdrew his not guilty pleas and entered pleas of guilty. The judge carefully and properly determined from Anderson and his counsel that in so doing Anderson acted voluntarily and understandingly and he explained to Anderson the effect of his change of plea and that the sentence would be determined by the judge.
During the interval between terms, Anderson got up the funds to make restitution and when the matter came up again at the next term of court, Anderson's counsel stated to the presiding judge, who was not the judge before whom the previous proceedings had taken place, that Anderson desired to make full restitution and was prepared to do so then and there. The judge responded to this by stating: "Anderson, we don't want your money, you are going to Parchman."
The judge then said that he would sentence Anderson to two years on each of the eight counts, commenting that the sentences running consecutively would mean that Anderson would serve sixteen years in the penitentiary. However, as will be seen, sentences were not so imposed.
Since then, Anderson, through his counsel, has sought by every means and by all available procedures to have these sentences set aside, to withdraw his guilty pleas, and to avoid the prospect of serving sixteen years in the penitentiary. He insists that he and his counsel, in changing his plea to guilty, were led by the conversations and surrounding circumstances, together with the continuance which he considered was granted to enable him to make restitution, that he would receive consideration in the imposition of sentence. All of Anderson's efforts have been turned down by the court and he has appealed here from the order declining to grant him any relief whatever.
It is an understatement to say that one of the most difficult duties resting upon the judge is fitting the punishment to the crime. Unfortunately, there is no uniformity in the imposition of sentences by trial courts and the disparity in many cases is truly shocking. Despite long continued study by men of good will throughout the country no satisfactory solution of this distressing problem has been found.
On the face of it, sixteen years confinement in the penitentiary on these bad check charges, (without discounting in the least that they are serious crimes) would seem to be grossly out of line when compared to sentences being imposed by courts throughout the state for much graver and more serious crimes.
We cannot, of course, consider subjective beliefs which may be formed in the secret mind of an accused where there is no evidence of a reasonable factual basis for them. But here, the totality of the circumstances preceding Anderson's change of plea, and especially the statement of the prosecutor that the state desired that the terms run concurrently, constrain us to the conclusion that there was reasonably sufficient basis to induce in the mind of Anderson and his counsel the belief that if restitution were made before the next term of court it would be taken into consideration and serve to ameliorate his punishment.
We have examined carefully the orders sentencing Anderson and find that there are eight of them, all entered on October 8, 1971. The imposition of a two year sentence in the first case, Number 6678, recites that "date of sentence to commence from today." Each of the seven subsequent orders, also entered on October *855 8, 1971, also recite "date of sentence to commence from today." Clearly, this means, if it means anything, that all sentences would run concurrently from October 8, 1971. However, there is added to each of the orders in cases Numbers 6679 through 6685, inclusive, this sentence: "Sentence imposed herein to run consecutively with sentence imposed in Cause Number 6678." Obviously, these conflicting provisions cannot be given effect. The subsequent orders, that is, the orders, in Numbers 6679 through 6685, inclusive, refer back only to the sentence in case Number 6678. Succeeding orders do not refer back to the order which precedes them, but all refer to Number 6678. If the provision that date of sentence to "commence from today" (October 8, 1971), which appears in each order, could be completely ignored, it would then appear that all of the sentences imposed in the seven subsequent orders would run concurrently from the expiration of the two year sentence imposed in Number 6678, or require, in other words, four years confinement at most on all counts. Certainly there is no basis contained in the orders to justify the stacking of all sentences to a total of sixteen years. Of course, the orders imposing sentences control, not the remarks of the judge which preceded their entry. Whether the sentences actually imposed as reflected by the orders represent a change of heart on the part of the judge, or an effort on his part to impose sentences more appropriate to the crimes charged, we cannot say.
We think, however, that the order, in each case, clearly provides that date of sentence would "commence from today," that is, October 8, 1971. Consequently, the sentences, notwithstanding the conflicting last provision, must be construed as running concurrently for two years from October 8, 1971. The ambiguity must be resolved in favor of the accused. Johnson v. State, 260 So.2d 436 (Miss. 1972).
Since the change of pleas was voluntary and understandingly made after proper interrogation and explanation by the court, the pleas may not now be withdrawn. Moreover, the sentences of two years on each charge were within statutory limits. Therefore, the orders sentencing Anderson were valid and limit the punishment imposed according to their terms, neither to be increased nor decreased. Leonard v. State, 271 So.2d 445 (Miss. 1973).
The order of the trial court denying resentencing will be affirmed, but judgment will be entered here resolving the ambiguity in the orders referred to so as to reflect that in each case a sentence of two years in the Mississippi State Penitentiary was imposed, the date of all sentences commencing October 8, 1971, all such sentences to run concurrently. Of course, if appellant is at liberty, under bond or otherwise, the sentences begin to run simultaneously from the date of actual imprisonment.
Affirmed and orders imposing sentence construed.
RODGERS, P.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.