ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. When sentencing a felony offender for multiple convictions, it is important for our trial judges to specify in their sentencing orders whether the sentences are ordered to run concurrently or consecutively to one another. Today’s case illustrates the problems that develop when sentencing orders are entered and are silent as to whether the sentencing orders are concurrent or consecutive. The majority rule requires that silent sentencing orders which do not specify whether the sentences are ordered to run concurrently or consecutively should be construed as concurrent sentences. 21A Am. Jur. 2d
 
 Criminal Law
 
 § 840 (2010). Because we follow the majority rule, we must reverse, render, and remand Jimmy Shinn’s case for re-sentencing.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On May 7, 2004, a Lowndes County grand jury indicted Shinn on four counts. Three counts alleged that Shinn uttered forgeries involving checks written on the account of Mary Bush. Shinn and his attorney appeared before the circuit judge on February 15, 2005, to enter guilty pleas to Counts I and II. Count I charged that Shinn had uttered a $200 check on Bush’s account. Count II charged that, seven days prior to the check passed in Count I, Shinn uttered a $175 check on the same account. The minimum and maximum sentence for each count ranged from two to ten years of imprisonment. In exchange for his guilty pleas on Counts I and II, the district attorney agreed to dismiss Counts III and IV without prejudice, which is otherwise known as a nolle prose-qui. The guilty pleas to Counts I and II were open pleas indicating that the district attorney would make no recommendation to the circuit court regarding sentencing.
 

 ¶ 3. At the sentencing hearing held three days after Shinn had entered his guilty pleas, he was sentenced in Count I to four years in the custody of the Mississippi Department of Corrections (MDOC) followed by five years of post-release supervision (PRS). He was also ordered to pay $1,265 in restitution and court costs. On Count II, Shinn was sentenced to four years in the custody of the MDOC and five years of PRS. He was ordered to pay a fine of $750. At the conclusion of the sentencing hearing, the circuit judge stated that the sentences were to run consecutively. A court reporter was present at the sentencing hearing; it would be almost five years later before the hearing was transcribed and the transcription filed with the circuit court. The district attorney volunteered to prepare the two separate sentencing orders on Counts I and II for the circuit court, which the circuit judge signed and filed on February 18, 2005, the same day as his oral pronouncement of Shinn’s sentence. Neither sentencing order specified whether the sentences were concurrent or consecutive to one another. They simply were silent. Shinn began service of his sentences.
 

 ¶ 4. The MDOC interpreted the silent sentencing orders to run concurrently, so on July 4, 2007, Shinn was fully discharged by the MDOC due to the expiration of his custodial sentences of four years on both Counts I and II. An official discharge cer
 
 *903
 
 tificate from the MDOC indicating Shinn’s completion of his two, four-year custodial sentences appears in the record. Thereafter, Shinn began his five-year PRS portions of the sentences under the circuit court’s jurisdiction. During the first year of that five-year period, Shinn violated the conditions of his PRS; and on November 24, 2008, the circuit judge held a hearing and revoked Shinn’s PRS on both counts. The circuit judge entered two partial revocation orders. On Count I, Shinn was ordered to serve two-and-one-half years in the custody of the MDOC and then complete two-and-one-half years on PRS. The circuit judge ordered the same for Count II, but he further stated that the sentence on Count II was to run
 
 consecutively
 
 to the revocation of Count I. In effect, Shinn was required to serve five more years in the custody of the MDOC with five years thereafter on PRS.
 

 ¶ 5. The official court reporter transcribed and filed the guilty plea and original sentencing hearing with the circuit clerk on April 23, 2009. On May 18, 2009, in response to Shinn’s pro se motions to modify his revocation sentences and convince the circuit judge that his original sentences could not be changed to consecutive at the revocation hearing, the circuit judge entered an order stating that the original sentences were to run
 
 concurrently,
 
 but at the revocation hearing, the sentences could, in the circuit court’s discretion, be changed to run
 
 consecutively.
 
 Specifically, the May 18, 2009 order signed by the circuit judge stated: “The court
 
 finds
 
 that the Petitioner’s original sentences in Count [I] and [II] of Lowndes County Criminal Cause Number 2004-0190-CR1 were [ordered to] run
 
 concurrent[ly].”
 
 (Emphasis added). Shinn filed his pro se motion for post-conviction relief (PCR) on September 9, 2009. Then, on December 4, 2009, after the circuit judge’s examination of “all the files, records, transcripts and correspondence relating to the judgment under attack” pursuant to Mississippi Code Annotated section 99-39-11 (Supp.2011), the circuit judge summarily dismissed Shinn’s pro se PCR motion and again stated, in a written order, that the original sentences were ordered to run
 
 concurrently.
 
 Specifically, the December 4, 2009 order signed by the circuit judge stated: “After reviewing the Petitioner’s criminal files, the Court finds that the Petitioner’s original sentences for several different counts in Lowndes County Criminal Cause Number 2004-0190-CR1 were [ordered to] run
 
 concurrentfly]
 
 according to the sentencing orders.” Thereafter, Shinn appealed the circuit judge’s December 4, 2009 summary dismissal of his PCR motion. Inexplicably, and after the appeal had been perfected and the record designated by Shinn, the circuit judge, sua sponte, entered another order on February 17, 2010, stating that the original sentences were ordered to run
 
 consecutively.
 
 Even though the appeal had been perfected and the record designated a month earlier, the circuit judge ordered the clerk to include the February 17, 2010 order in the appeal record.
 

 ¶ 6. Shinn appeals raising the following issue, which we state verbatim:
 

 Whether the [circuit] court erred by restructuring the sentence imposed from concurrent to consecutive[,] thereby increasing the total term of imprisonment imposed and subjecting him to double jeopardy.
 
 [1]
 

 
 *904
 
 STANDARD OF REVIEW
 

 ¶ 7. A circuit court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the circuit court’s decision was clearly erroneous.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999). However, when issues of law are raised, the proper standard of review is de novo.
 
 Id.
 

 ANALYSIS
 

 ¶ 8. When Shinn was admitted into the custody of the MDOC, his sentencing orders were silent as to their concurrent or consecutive nature. The circuit clerk’s commitment form required by Mississippi Code Annotated section 99-19-45 (Rev.2007) was also silent regarding the concurrent or consecutive nature of the sentences. The Mississippi Attorney General’s Office, through its opinions, has offered guidance to the MDOC regarding how to interpret sentencing orders that are silent or ambiguous.
 
 [2]
 
 Following the guidance provided by these opinions, the MDOC accepted Shinn into custody as having two concurrent four-year terms to serve. Shinn argues that since he was serving
 
 concurrent
 
 sentences, the circuit judge could not alter these sentences to consecutive after Shinn had already begun serving the sentences concurrently.
 

 ¶ 9. Prior to March 14, 1983, Mississippi Code Annotated section 99-19-21 (1972) read, in part, as follows:
 

 When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction, shall commence at the termination of the imprisonment for the preceding conviction, and the sentence ought to so specify. Provided, however, that when a person is convicted at the same term of a circuit or county court of more than one offense, the judge of such court may impose sentence on such convictions to run concurrently. ...
 

 Under the law at that time, sentences would run consecutively if the sentencing order did not expressly say the sentences were to run concurrently. However, section 99-19-21 was amended in 1983 and now reads, in part, as follows:
 

 When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
 

 Miss.Code Ann. § 99-19-21(1) (Rev.2007).
 

 ¶ 10. The language of the statute now no longer contains a presumption that multiple sentences are to run consecutively. Pursuant to the current statute, when sentencing orders from a circuit court on the same defendant cover multiple felony convictions, the circuit judge has discretion to order the sentences to run either concurrently or consecutively.
 

 ¶ 11. Although a circuit judge now has discretion on how to run the sentences, once the circuit judge pronounces a sentence in a felony case, a sentencing order is entered of record, and the term of court expires, the circuit judge is without jurisdiction to change or modify that sentence at a later time.
 
 Campbell v. State,
 
 430 So.2d 851, 853 (Miss.1983). “[Ajfter the term of court during which the defendant was sentenced has passed, ‘the circuit judge’s sole authority in the case
 
 *905
 
 was to determine whether or not all or a portion of the original suspended sentence should be revoked.’”
 
 Miss. Comm’n of Judicial Performance v. Russell,
 
 691 So.2d 929, 937 (Miss.1997) (quoting
 
 Campbell,
 
 480 So.2d at 853). It follows that once a circuit judge sentences a defendant on multiple felonies, orders those convictions to be served concurrently or consecutively, and the term of court expires, the circuit judge is without jurisdiction to change those sentences including their concurrent or consecutive nature. The record is void of any attempt by the circuit judge to retain sentencing jurisdiction over Shinn under the “earned-probation” statute found in Mississippi Code Annotated section 47-7-47 (Rev.2011).
 

 ¶ 12. In this case, the original sentencing orders are silent as to their consecutive or concurrent nature, but the circuit judge altered the sentencing orders at Shinn’s revocation hearing to run the sentences consecutively. His attempt to do so is too late. Since there is no longer a statutory presumption that multiple sentences are to run consecutively, Shinn’s silent sentencing orders are not automatically construed as consecutive. Further analysis is needed to determine whether the circuit judge’s oral pronouncement of consecutive sentences prevails over the silent sentencing orders that were entered.
 

 ¶ 13. This Court has held that when an oral pronouncement of a sentence conflicts with the written pronouncement, the written pronouncement prevails.
 
 Boutwell v. State,
 
 847 So.2d 294, 296 (¶ 8) (Miss.Ct.App.2003). In
 
 Temple v. State,
 
 671 So.2d 58, 58 (Miss.1996), the Mississippi Supreme Court held “the written order is the final judgment....” In both
 
 Bout-well
 
 and
 
 Temple,
 
 this Court and the supreme court enforced the written sentencing orders that were entered. Although the circuit judge in Shinn’s case apparently orally ordered the sentences to run consecutively at the sentencing hearing, he later, after the sentencing hearing transcript had been filed, stated in
 
 two
 
 separate orders that the original sentencing orders were
 
 concurrent.
 
 In these two orders, the circuit judge stated that based on his review of the file and transcripts in the case, the original sentences were ordered to run concurrently. He twice reviewed the files and transcript on file and found that the original sentences were concurrent. Further, we must acknowledge that, after the appeal was perfected, the circuit judge entered a third order. However, this order differed from the other two in that it stated that the sentences were ordered to run consecutively. At this time we must also note, in regard to this third order entered, the order was entered after Shinn had perfected his appeal and the record had been designated. As the supreme court’s recently stated in
 
 Corporate Management, Inc. v. Greene County,
 
 23 So.3d 454, 460 (¶ 13) (Miss.2009):
 

 Filing a notice of appeal transfers jurisdiction from the trial court to an appellate court, thereby removing the trial court’s authority to amend, modify, or reconsider its judgment.
 
 McNeil v. Hester,
 
 753 So.2d 1057, 1075 [(¶ 68])(Miss.2000);
 
 Bert Allen Toyota, Inc. v. Grasz,
 
 947 So.2d 358, 362-63 [(¶ 7)] (Miss.Ct.App.2007). In other words, the appeal removes the case
 
 ipso facto
 
 to the appellate courts.
 
 Id.
 
 When an appeal has no supersedeas bond, a party may execute on the judgment.
 
 McNeil,
 
 753 So.2d at 1076. However, the lower court cannot “broaden, amend, modify, vacate, clarify, or rehear the decree.”
 
 Id.
 
 On the other hand, when an appeal has a supersedeas bond it effectively suspends the judgment.
 
 Matter of Estate of Moreland,
 
 537 So.2d 1345, 1348 (Miss.1989). Therefore, “en
 
 *906
 
 forcement of the rights declared by the decree are suspended until the appeal is determined.”
 
 Id.
 
 When a trial court’s order broadens, amends, modifies, vacates, clarifies, or rehears a decree, “it must be vacated as null and void because it exceeds the subject matter jurisdiction of the lower court.”
 
 Id.
 

 Thus, once Shinn perfected his appeal of the December 4, 2009 judgment, the circuit judge had no jurisdiction to enter an order modifying or amending that judgment, and any such attempt is null and void.
 

 ¶ 14. The majority rule throughout the country is, absent specific legislative direction otherwise, “in imposing sentence on two or more counts or on two or more indictments consolidated for trial,
 
 if the court fails to specify otherwise, the temí of imprisonment on the second or subsequent judgment runs concurrently with the first.”
 
 21A Am. Jur. 2d
 
 Criminal Law
 
 § 840 (emphasis added). Since the sentencing orders are the final judgments, the orders are silent as to whether the sentences were ordered to run consecutively or concurrently, and since the circuit judge entered two separate orders prior to the appeal stating that the sentences were concurrent, we must conclude that they were, in fact, concurrent.
 

 ¶ 15. In
 
 Anderson v. State,
 
 288 So.2d 852, 855 (Miss.1974), the supreme court discussed ambiguities in sentencing orders. William Anderson pled guilty to eight counts of false pretense involving checks written to Foodtown.
 
 Id.
 
 at 853. At Anderson’s sentencing hearing, the circuit judge stated that Anderson was sentenced to two years on each count and that the sentences would run consecutively.
 
 Id.
 
 at 854. Thus, Anderson would have to serve sixteen years total.
 
 Id.
 
 at 854. However, the multiple sentencing orders entered on October 8, 1971, contained an ambiguity in that they all stated: “the date of sentence to commence from today.”
 
 Id.
 
 at 855. However, seven of the sentencing orders stated: “Sentence imposed herein was to run consecutively with the sentence imposed in [the first cause number].”
 
 Id.
 
 at 855. The supreme court stated that “the orders imposing sentences control, not the remarks of the judge which [sic] preceded their entry.”
 
 Id.
 
 at 855. The supreme court determined that the sentencing orders were ambiguous and that Anderson’s sentences would be construed in his favor as concurrent.
 
 Id.
 
 at 855. It appears that the consecutive sentences orally pronounced at the sentencing hearing were of no moment to the supreme court’s analysis.
 

 ¶ 16. In the current case, we submit that the original sentencing orders are simply not ambiguous on their face. Each order sentences Shinn to the same four-year sentence followed by five years of PRS. According to a 1989 attorney general’s opinion, “a sentencing order which was entered on or after March 14, 1983[,] and did not indicate whether sentences were to run concurrently or consecutively!,] is ambiguous. Ambiguous sentences should be served concurrently as required by
 
 Anderson v. State,
 
 288 So.2d 852 (Miss.1974), which construes ambiguous sentencing in favor of the convict.” Miss. Att’y Gen. Op. No. 503359, 1989 WL 503359,
 
 Black
 
 (August 10, 1989). We find Shinn’s silent sentencing orders are simply not ambiguous in their terminology and must be construed consistently with the majority rule to run concurrently.
 

 ¶ 17. However, it might be legitimately said that ambiguity does exist among the sentences pronounced orally at the sentencing hearing, the two original silent sentencing orders, the two orders entered finding the original sentences to be concurrent, and the last order entered after Shinn perfected his appeal. As such, we
 
 *907
 
 construe the original sentences in favor of Shinn as concurrent.
 

 ¶ 18. It is important for us to note that there is case law to support the proposition that a scrivener’s error or clerical error may be corrected at any time.
 
 See Kitchens v. State,
 
 253 Miss. 734, 737, 179 So.2d 13, 14 (1965);
 
 Harvey v. State,
 
 919 So.2d 282, 287-88 (¶ 14) (Miss.Ct.App.2005);
 
 Fields v. State,
 
 840 So.2d 796, 801 (¶ 10) (Miss.Ct.App.2003). We do not disagree with the principles set out in those cases; however, we cannot find that the facts of the current case fit within the parameters of those cases.
 

 ¶ 19. An additional, logical reason exists requiring reversal of the circuit court’s revocation of Shinn’s PRS on Count II. Even if the circuit judge had originally ordered consecutive sentences, Shinn could not have been serving his five-year term of PRS on Count II when he violated the conditions of the PRS under Count I. In
 
 Smith v. State,
 
 742 So.2d 1146, 1147 (¶¶ 3-5) (Miss.1999), Richard Smith’s probation was revoked for an act he committed before he was placed on probation. In
 
 Smith,
 
 the supreme court stated: “It follows that Richard Smith could not have his probation and suspended sentence revoked for violation of a condition which did not exist, and specifically for something he had already done at the time the probation and suspended sentence were handed down.”
 
 Id.
 
 at 1148 (¶ 11). If Shinn’s two sentences were ordered to run consecutively at the initial sentencing as the circuit judge now claims, Shinn would have begun his first five-year term of PRS immediately after his discharge from the custody of the MDOC. Shinn’s PRS sentence on Count II would not have begun to run until Shinn had completed his five years of PRS on Count I on July 4, 2012. As a result, the circuit judge cannot revoke Shinn’s PRS sentence on Count II since he was not serving that portion of his sentence at the time he violated the conditions of the PRS under Count I. As in
 
 Smith,
 
 Shinn could not have his PRS revoked on Count II for having committed a violation before he even began serving his PRS sentence under Count II. Stated differently, Shinn could not have his PRS sentences on both counts simultaneously revoked unless he had been serving those sentences concurrently.
 
 [3]
 

 ¶ 20. The attempted modification of Shinn’s original sentences on Counts I and II from concurrent to consecutive was unlawful, and the resulting two-and-one-half-year sentences in the custody of the MDOC with two-and-one-half years of PRS to run consecutively is likewise unlawful. We reverse the sentences given to Shinn at his revocation hearing, declare the sentences imposed at the original sentencing hearing are concurrent sentences, and remand this matter to the circuit court to conduct a new sentencing hearing and to impose lawful concurrent sentences based on Shinn’s violation of the conditions of his PRS under Counts I and II.
 

 ¶ 21. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, RENDERED, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 
 *908
 
 LEE, C.J., GRIFFIS, P.J., MYERS, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. BARNES, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . Under Mississippi Code Annotated section 99 — 39—5(l)(h) (Supp.2011), a person is authorized to file a PCR motion when he claims "[t]hat his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custodyf.]” The State has filed no cross-ap
 
 *904
 
 peal and made no request to amend the original sentencing orders.
 

 [2]
 

 .
 
 See
 
 Miss. Att’y Gen. Op. No. 256586, 1985 WL 256586,
 
 Thigpen
 
 (August 19, 1985).
 

 [3]
 

 . This principle might have been the primary basis undergirding the circuit judge's two orders finding the original sentences concurrent. It is possible the circuit judge "misspoke” when he orally pronounced the sentences to run consecutively. However, the third order entered after perfection of the appeal leaves us with an eternal conundrum.