IRVING, P.J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. The case is before us on a motion for rehearing; the motion is denied, and the original opinion is withdrawn and substituted with this opinion.
¶2. On December 15, 2008, the DeSo-to County Circuit Court revoked Bridgette M. Sanford’s post-release supervision (PRS) based on her commission of new crimes and her failure to pay fines and court costs. On November 24, 2010 Sanford filed a motion for post-conviction relief (PCR), which the circuit court dismissed. Feeling aggrieved, Sanford appeals and raises several issues. However, Sanford’s issues all relate to the *958 central issue of whether the circuit court erred in revoking her PRS.
FACTS
¶ 3. On September 3, 2004, Sanford pleaded guilty to uttering a forgery in Cause No. 2004-666RD. The circuit court sentenced Sanford to eight years to serve and seven years of non-reporting PRS. Sanford later filed a PCR motion, which is not the subject of this appeal, arguing that her sentence was illegal. The circuit court entered an amended sentencing order, reducing the period of PRS from seven years to two years of non-reporting PRS.[1]
¶4. On September 20, 2004, Sanford pleaded guilty to uttering a forgery in Cause Nos. 2004-706RD, 2004-721RD, and 2004-731RD. For each cause number, the circuit court sentenced Sanford to three years of PRS, non-reporting, but it did not impose a period of incarceration. The circuit court ordered the PRS for the conviction in each of these cause numbers to run consecutively to each other and to the sentence imposed in Cause No. 2004-666RD.
¶ 5. Sanford was released from custody on June 28, 2007. On June 24, 2008, Sanford committed new crimes, conspiracy to sell and selling counterfeit instruments. In response, the circuit court revoked Sanford’s two years of PRS in Cause No. 2004-666RD. Additionally, the court revoked Sanford’s PRS in Cause Nos. 2004-706RD, 2004-721RD, and 2004-731RD. The court ordered Sanford to serve three years for Cause No. 2004-706RD, three years for Cause No. 2004-731RD, and one day for Cause No. 2004-721RD. The circuit court ordered the sentences to run consecutively to the sentence in Cause No. 2004-666RD and consecutively to each other, for a total sentence of eight years and one day.
¶ 6. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. In her PCR motion, Sanford challenges the revocation of her PRS in Cause Nos. 2004-706RD, 2004-721RD, and 2004- *959 731RD. Mississippi Code Annotated section 99-39-9(2) (Supp.2011) provides that a PCR motion “shall be limited to the assertion of a claim for relief against one ... judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.”
¶ 8. Sanford’s apparent violation of the procedural requirements set forth in section 99-39-9(2) should not be fatal in this case, especially where the issues she raises relate to 2004-706RD, 2004-721RD, and 2004-731RD. Furthermore, in its brief, the State urges this Court to address the merits of Sanford’s PCR motion despite the procedural violation. This Court has previously addressed a PCR motion challenging multiple judgments where: (1) the causes were interrelated; (2) the issues raised concerned both causes; (3) the circuit court entertained the motion and reached the merits of the issues raised; and (4) the State made no issue of the fact that the motion attacked two judgments. See Nichols v. State, 955 So.2d 962, 966 (¶ 10) (Miss.Ct.App.2007). As such, we will address the merits of the claims in Sanford’s PCR motion even though she challenges multiple judgments.
¶ 9. Sanford contends that the circuit court erred in revoking her PRS in Cause Nos. 2004-706RD, 2004-721RD, and 2004-731RD because, at the time that she committed the new crimes, she was still on PRS for Cause No. 2004-666RD and had yet to begin her PRS in Cause Nos. 2004-7Q6RD, 2004-721RD, and 2004-731RD. We agree. In Shinn v. State, 74 So.3d 901, 902 (¶ 2) (Miss.Ct.App.2011), Jimmy Shinn was indicted for multiple counts of uttering a forgery. Shinn agreed to plead guilty to Counts I and II, and the State agreed to dismiss the remaining counts. Id. The circuit court sentenced Shinn to four years of incarceration followed by five years of PRS for Count I. Id. at (¶ 3). The court imposed an identical sentence for Count II and made an oral pronouncement that the sentences were to run consecutively. Id. However, the sentencing orders for Counts I and II were silent as to “whether the sentences were concurrent or consecutive to one another.” Id. During the first year of Shinn’s PRS, he violated the conditions of his PRS. Id. at 903 (¶ 4). In response, the circuit court revoked Shinn’s PRS as to both Counts I and II. Id.
¶ 10. Shinn’s sole issue on appeal related to whether his sentences were to run consecutively or concurrently. Id. at (¶ 6). However, this Court explained that if Shinn’s sentences were ordered to run consecutively, “Shinn could not have been serving his five-year term of PRS on Count II when he violated the conditions of the PRS under Count I.” Id. at 907 (¶ 19). Following Shinn’s release from custody, he began his first five-year term of PRS. Id. “Shinn’s PRS sentence on Count II would not have begun to run until Shinn had completed his five years of PRS on Count I....” Id. Therefore, the circuit court could not “revoke Shinn’s PRS sentence on Count II since he was not serving that portion of his sentence at the time he violated the conditions of the PRS under Count I.” Id.
¶ 11. This is precisely Sanford’s situation. At the time that Sanford’s PRS was revoked, she was serving the two years of PRS for Cause No. 2004-666RD. Since she had not begun the PRS for Cause Nos. 2004-706RD, 2004-721RD, and 2004-731RD, the circuit court erred in revoking her PRS for those cause numbers. Therefore, we reverse and render the revocation of the post-release sentences given to her in Cause Nos. 2004-706RD, 2004-721RD, and 2004-731RD.
*960 ¶ 12. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR, and JAMES, JJ., CONCUR.

. Mississippi Code Annotated 97-21-33 (Rev. 2006) provides:
Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two (2) years nor more than ten (10) years, or by a fine of not more than Ten Thousand Dollars ($10,-000.00), or both; provided, however, that when the amount of value involved is less than Five Hundred Dollars ($500.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than six (6) months, or by a fine of not more than One Thousand Dollars ($1,000.00), or both, within the discretion of the court.
Additionally, Mississippi Code Annotated 47-7-34(1) (Rev.2011) provides, in pertinent part:
When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.
(Emphasis added). As the circuit court noted in its order, the maximum penalty for uttering a forgery was fifteen years where the amount involved was $100 or more^ However, in 2003, the Legislature amended section 97-21-33 and reduced the maximum sentence to ten years where the amount involved was $500 or more. Under the amended statute, Sanford's period of incarceration (eight years) plus the period of post-release supervision (seven years) exceeded the maximum sentence allowed for uttering a forgery (ten years).