# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01805-COA

**DAVID ALAN RINGER A/K/A DAVID A.**
**RINGER A/K/A DAVID RINGER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/30/2014 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, SEXUAL BATTERY, AND COUNT II, SEXUAL BATTERY, AND SENTENCED ON COUNT I TO THIRTY YEARS, AND SENTENCED ON COUNT II TO TWENTY YEARS, WITH BOTH SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER WITH TEN YEARS SUSPENDED, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REMANDED-05/10/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    While on a camping trip with a friend, nine-year-old Abby[1] went off by herself to sleep in the back of a sport utility vehicle.  She awoke to find David Ringer touching her vagina with his fingers and rubbing his penis between her buttocks.  Abby reported the incident immediately.  Ringer was indicted for two counts of sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2006).  The first count alleged that Ringer penetrated Abby's vagina with his fingers; the second that he penetrated her anus with his penis.

¶2.    Convicted of both counts, Ringer appeals, arguing that the evidence was insufficient to support Count II.  After reviewing the victim's testimony, her accounts as relayed by others, and the medical evidence, we agree that there is insufficient evidence of anal penetration.  We therefore reverse Ringer's second sexual battery conviction and render a judgment on the lesser included offense of gratification of lust.  We also reverse the sentence on Count I, as the sentences on the two counts were inextricably linked.  We remand for resentencing on both counts.

**DISCUSSION**

**1. Sufficiency of the Evidence**

¶3.    In evaluating the sufficiency of the evidence, this Court must decide whether it allows a jury to find "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where

_____

[1] This Court uses a fictitious name to protect the victim's identity.

the evidence fails to meet this test it is insufficient to support a conviction." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). "Penetration is the very essence of the crime of sexual battery." *Johnson v. State*, 626 So. 2d 631, 632 (Miss. 1993).

¶4.    Abby was eleven years of age at trial. She initially testified that Ringer had "touched" her. When prompted to clarify, she stated that it had been "in the back and the front." From there, the prosecutor was able to elicit unambiguous testimony that Ringer had touched the inside of Abby's vagina with his fingers. Abby had similarly described digital penetration to her mother, a police investigator, and a sexual assault nurse examiner; and the account was corroborated by medical evidence – an enlarged hymen and inflammation and minor tearing of Abby's vagina – and by the presence of Y-DNA matching Ringer's on her underwear.

¶5.    But the case for the second count did not come so easily. On direct examination, the prosecutor elicited only that the "back" Ringer had "touched" referred to Abby's "butt" and that Ringer had touched it with his penis. At one point on cross-examination, Abby stated that Ringer "stuck his private area into [her] butt." But she also repeatedly agreed that Ringer's penis was only "on" it. On redirect, the prosecutor apparently attempted to elicit testimony of penetration, but she limited her questions to what Ringer had "tried" to do:

> Q.    Now, when you were saying that he was trying to stick [his penis] in your butt, was he trying to stick it where you wipe when you go potty?

3

A. Yes.

Q. Okay. And is that what you call your butt?

A. Yes.

Q. Okay. And when he was trying to stick it on your butt, was he getting in between? Do you know what I mean by the crack of your butt?

A. Yes.

Q. Okay. All right. You have the crack of your butt, correct?

A. Correct.

Q. And you have the place that you have to wipe when you go potty, correct?

A. Correct.

Q. Okay. When you said he was trying to stick his private part in your butt, did he stick it in the crack?

A. Yes.

Q. Okay. And then tried to put it where you wipe?

A. Correct.

¶6.    The prosecutor then asked whether Ringer had put his fingers "inside" Abby's "front private part," which she confirmed (the same question had been asked and answered in the affirmative previously). Abby was never asked a similar question with regard to whether Ringer's penis penetrated her anus.

¶7.    Other witnesses for the prosecution failed to establish penetration, and, in fact, suggested the opposite. Abby's mother testified that after speaking with Abby, her

4

understanding was that Ringer had placed his penis between Abby's buttocks, but that he had never penetrated her anus. The sexual assault nurse examiner testified that Abby confirmed that Ringer's penis was rubbed against her, but in her opinion, Abby was unsure of penetration because she had little familiarity with anatomy and no experience with the sensation of penetration. The nurse noted physical evidence of injury to Abby's vagina, but she said nothing comparable with regard to Abby's anus. On cross-examination, the nurse admitted that her written report stated that Abby had denied anal contact or penetration.

¶8.     The State argues on appeal that vaginal tearing noted by the nurse examiner could have been caused by penetration of the anus. But this was never suggested or argued below; the nurse examiner stated only that the tearing was caused by "blunt trauma." The State's argument on this point is speculative and beyond the realm of legitimate inference.

¶9.     Apparently recognizing the paucity of evidence of penetration of the anus, the State also contends that penetration of the cleft between the buttocks should suffice, just as slight penetration of the labia or vulva amounts to sexual penetration of the genital opening. But the State presents no authority and little argument in support of this contention. The rule that penetration of the vulva amounts to sexual penetration is well established in the law. *See Jackson v. State*, 452 So. 2d 438, 441 (Miss. 1984) (listing authorities). And it is consistent with the statutory definition of sexual penetration as "cunnilingus, fellatio, buggery or pederasty, *any penetration of the genital or anal openings of another person's body by any part of a person's body*, and insertion of any object into the genital or anal openings of

5

another person's body." Miss. Code Ann. § 97-3-97(a) (Rev. 2006) (emphasis added). The vulva is the external part of the female genitalia, but the cleft between the buttocks is not regarded as part of the anus or anal opening. Medical dictionaries define the anus as the "lower opening of the digestive tract, lying in the cleft between the buttocks . . . ." Stedman's Medical Dictionary 107 (27th ed. 2000); *see also* PDR Medical Dictionary 114 (3d ed. 2006). The anus is synonymous with the anal orifice or anal opening. *See id.*

¶10. After reviewing the record, we conclude that the prosecution failed to present evidence sufficient to support a finding of anal penetration beyond a reasonable doubt. Abby did make statements that suggested penetration – she said that Ringer put his penis "into her butt," but what she meant was not clear; and she said he had put it in the "crack" and "tried" to put it "where she wipes," but she did not say how far Ringer progressed in the attempt or testify to anything else that suggested penetration, such as pressure or pain. Viewed in the context of Abby's entire testimony, the accounts of her mother and the attending nurse, and the lack of supporting physical evidence, we conclude that these ambiguous statements do not suggest penetration to the extent that a reasonable juror could find it proven beyond a reasonable doubt.

¶11. Because there is insufficient evidence to find penetration of the anal opening, we must reverse Ringer's conviction for sexual battery in Count II.

¶12. We next consider whether to apply the direct remand rule, which allows an appellate court to remand for sentencing on a lesser included charge when the greater charge is

reversed due to the insufficiency of evidence. *See Shields v. State*, 722 So. 2d 584, 585 (¶7) (Miss. 1998). This may be done even when the jury is not instructed on the lesser charge, as occurred here. *Id.* at 587 (¶17).

¶13. At the time of the offense in the instant case, the gratification of lust statute, Mississippi Code Annotated section 97-5-23(1) (Rev. 2006), made it a felony for any person above the age of eighteen years, "for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires," to "handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent."

¶14. In *Friley v. State*, 879 So. 2d 1031 (Miss. 2004), the Mississippi Supreme Court considered whether gratification of lust was a lesser included offense of sexual battery in the specific case where the defendant was convicted of sexual battery, but there was insufficient evidence of penetration. The supreme court employed the test from *Sanders v. State*, 479 So. 2d 1097, 1108 (Miss. 1985):

> Whether applied for the benefit of the state or defense, in order to authorize such instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser included offense. Also, there must be some evidence to support the lesser included offense.

*Friley*, 879 So. 2d at 1034 (¶13). The court noted the overlap of elements: gratification of lust included the elements of touching, which was necessary to achieve penetration when

alleged to have been done with a part of the defendant's body;[2] and that the touching was for the gratification of the defendant's lust or "indulging his or her depraved licentious sexual desires," which although not an element of sexual battery, was the only explanation for the actions the defendant was alleged (and found by the jury) to have committed. *Id*. at 1034-35 (¶¶14-17).

¶15. Our supreme court reaffirmed the *Friley* decision less than three years ago in *Jenkins v. State,* 131 So. 3d 544, 550 (¶19) (Miss. 2013). The court again noted that lustful intent could be inferred "from the circumstances of the situation." *Id.*

¶16. In summary, under the law as it existed at the time of the offense in today's case, gratification of lust can be a lesser included offense of sexual battery when the penetration is alleged to have been done with a body part of the defendant and where a lustful purpose can be inferred from the circumstances of the touching. *Friley*, 879 So. 2d at 1034-35 (¶¶13-17).

¶17. Here, while there was insufficient evidence to find penetration of the victim's anus, the proof showed that, at the very least, Ringer rubbed his penis between the victim's buttocks. This may not have amounted to sexual penetration sufficient to convict for sexual battery, but it undoubtedly amounted to a touching under the gratification of lust statute. And, as in *Friley* and *Jenkins*, we find that there is "no other reason why" Ringer would do

---

[2] The gratification of lust statute has since been amended to include touching of the victim with an object, but it did not have such an allowance at the time of *Friley* or when the instant offense was committed. *See* Miss. Code Ann. § 97-5-23(1) (Supp. 2015).

this, except for the purpose of gratifying his lust. *Friley*, 879 So. 2d at 1035 (¶16); *Jenkins*, 131 So. 3d at 550-551 (¶¶19-20).

¶18.    Therefore, we reverse Ringer's conviction of sexual battery and render a conviction on the lesser included offense of gratification of lust. We remand the case for the trial court to resentence Ringer on Count II as rendered.

### 2. Sentence on Count I

¶19.    Ringer raises the suspension of a portion of his sentence as a derivative issue. The trial judge sentenced Ringer to thirty years in Count I and twenty years in Count II, to run consecutively. The order added this would be "a total of Fifty (50) Years, [and] the Court suspends Ten (10) Years leaving Forty (40) Years to serve . . . ." Ringer argues that this sentence was ambiguous as to whether the ten-year suspension applied to Count I or Count II. Ringer contends that if Count II is reversed on appeal, the sentencing ambiguity must be resolved in his favor and the suspension applied to his sentence on Count I. *See Anderson v. State*, 288 So. 2d 852, 855 (Miss. 1974).

¶20.    *Anderson* concerned an application of the rule of lenity – a rule of statutory construction requiring ambiguity to be resolved in favor of the accused – to a sentencing order, something our courts have occassionally done. *See Trainer v. State*, 930 So. 2d 373, 380 (¶14) (Miss. 2006) (quoting *United States v. Stewart*, 205 F.3d 840, 843 (5th Cir. 2000)). But *Anderson* concerned sentencing orders with affirmative commands both that the sentences would be served consecutively and (effectively) that they would be served

9

concurrently; the Court held that the more lenient of the two conflicting orders would control. *Anderson*, 288 So. 2d at 854-55. Here, the suspended sentence was not conflicting or otherwise ambiguous; it was erroneously applied to a cumulative sentence encompassing both counts. Rule 7.07(D) of the Uniform Rules of Circuit and County Court Practice states that "[w]hen a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction."

¶21. Moreover, even if we agreed that the order must be construed to apply the suspended sentence to the first count, where the sentence on one count was clearly dependent on the sentence on another count, which is ultimately reversed, the case should be remanded to the trial court for resentencing on the remaining count. *Commonwealth v. Padden*, 483 A.2d 950, 952-53 (Pa. Super. Ct. 1984). Otherwise, a defendant could receive an unintendedly harsh or lenient sentence based on nothing more than the order in which the counts appeared on his indictment.

¶22. Consequently, we reverse Ringer's sentence on Count I and remand for resentencing on it as well.

¶23. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF COUNT I, SEXUAL BATTERY, IS AFFIRMED; AND COUNT II, SEXUAL BATTERY, IS REVERSED, AND A CONVICTION OF GRATIFICATION OF LUST IS RENDERED. THE SENTENCE IN COUNT I IS REVERSED, AND THE CASE IS REMANDED FOR RESENTENCING ON COUNT I AND SENTENCING ON COUNT II ON THE LESSER INCLUDED OFFENSE OF GRATIFICATION OF LUST, IN ACCORDANCE WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**GRIFFIS, P.J., BARNES, ISHEE, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND JAMES, J.; IRVING P.J., JOINS IN PART.**

**CARLTON, J., DISSENTING:**

¶24.    I respectfully dissent from the majority's opinion. The majority finds insufficient evidence as to Count II of Ringer's indictment and reverses and renders as to that count. After finding that the sentences for Counts I and II of Ringer's indictment were inextricably linked, the majority also reverses the sentence on Count I and remands the matter for resentencing on both counts.[3] However, I submit that, when viewing the evidence in the light most favorable to the State, the record reflects sufficient evidence to support Ringer's convictions for both Counts I and II.[4]

¶25.    Since the record reflects sufficient evidence to support the jury's verdict finding Ringer guilty of both Counts I and II, then the majority errs by reversing Count I, reversing and rendering Count II, and remanding the matter for resentencing on both counts.[5] The

---

[3] Both Counts I and II of the indictment charged Ringer with sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2006).

[4] *See Johnson v. State*, 626 So. 2d 631, 632-33 (Miss. 1993) (finding that, along with her doctor's testimony, the victim's testimony that she felt the defendant's tongue lick her private parts provided legally sufficient evidence of sexual penetration in a sexual-battery prosecution).

[5] *See Neal v. State*, 15 So. 3d 388, 409 (¶57) (Miss. 2009) (recognizing that the standard of review for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt and explaining that an appellate

11

circuit court therefore committed no error by denying Ringer's motion for a judgment notwithstanding the verdict. As a result, I would affirm Ringer's convictions and sentences on both counts.

¶26. A review of our precedent and the evidence in this case reflects sufficient evidence to support both of Ringer's convictions. The testimony of the eleven-year-old[6] victim, Abby,[7] supplied sufficient evidence of sexual penetration to support the jury's verdict as to Count II of Ringer's indictment. Pursuant to the applicable standard of review, I would therefore affirm both Ringer's convictions and the circuit court's judgment since the record contains sufficient evidence to support the convictions.[8] I will now turn to an examination of the sufficiency of the evidence supporting Ringer's conviction on Count II relative to the degree of penetration required to be legally sufficient to support a sexual-battery conviction.

¶27. The record reflects that Abby testified as follows on direct examination:

Q.    What happened?

---

court is not required to ask itself whether it believes the evidence at trial established guilt beyond a reasonable doubt).

[6] The victim was nine years old at the time of the crimes but eleven years old at the time of the trial.

[7] As noted in the majority opinion, this Court uses a fictitious name to protect the victim's identity.

[8] *See Readus v. State*, 997 So. 2d 941, 944 (¶13) (Miss. Ct. App. 2008) ("In reviewing whether the evidence supporting a jury verdict is legally sufficient, this Court . . . . view[s] the evidence in the light most favorable to the prosecution and determine[s] whether a rational juror could have concluded beyond a reasonable doubt that all elements of the crime were satisfied." (citing *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005))).

12

A. Someone touched me.

Q. Someone touched you?

A. Yes, ma'am.

Q. Okay. Where did someone touch you?

A. In the back and the front.

Q. Back of what?

A. My butt and my private area.

. . . .

Q. Okay. And you, I think said, you were touched on the back.

A. Yes, ma'am.

Q. What were you being touched with on the back?

A. The private area.

. . . .

Q. Okay. Did you tell [the lady at the police station] that [Ringer] put his fingers in your private parts?

A. Yes, ma'am.

Q. Okay. Did you also tell her that [Ringer] touched [you] in the back?

A. Yes, ma'am.

¶28. On cross examination, Abby further testified:

Q. Okay. Now, when you woke up, you felt fingers inside of you; is that correct?

13

A.    Correct.

Q.    And you just felt his penis on your behind?

A.    Yes.  Yes.

. . . .

Q.    Okay.  And you told your father that when you woke up, . . . Ringer was touching and placing his fingers into your vagina, correct?

A.    Correct.

Q.    Okay.  And you also told your father that [Ringer] put his penis into your vagina, correct?

A.    No.

Q.    Okay.  So you're saying you did not?

A.    *I didn't tell him that [Ringer] stuck the private area into mine.  I said that he stuck his private area into my butt.*

(Emphasis added).

¶29.   Finally, on redirect examination by the State, Abby testified to the following:

Q.    Okay.  And you heard Ms. Dana asking you about having the private parts stuck in your butt, correct?

A.    Correct.

Q.    And she was calling that a penis, correct?

A.    Correct.

Q.    *Okay.  Now, when you were saying that [Ringer] was trying to stick it in your butt, was he trying to stick it where you wipe when you go potty?*

14

A.      *Yes.*

Q.      *Okay. And is that what you call your butt?*

A.      *Yes.*

Q.      *Okay. And when he was trying to stick it on your butt, was he getting in between? Do you know what I mean by the crack of your butt?*

A.      *Yes.*

Q.      *Okay. All right. You have the crack of your butt, correct?*

A.      *Correct.*

Q.      *And you have the place that you have to wipe when you go potty, correct?*

A.      *Correct.*

Q.      *Okay. When you said he was trying to stick his private part in you butt, did he stick it in the crack?*

A.      *Yes.*

Q.      *Okay. And then tried to put it in where you wipe?*

A.      *Correct.*

Q.      *Okay. And he also put his fingers in your front private part?*

A.      *Correct.*

Q.      *Okay. Inside?*

A.      *Correct.*

(Emphasis added).

¶30.    Thus, Abby's testimony reflects she testified that Ringer "stuck" his penis in the crack

of her butt where she went potty and where she had to wipe when she went potty. She also

testified Ringer put his penis "into" the area where she went potty and had to wipe after

going potty. On redirect, Abby clearly testified that Ringer stuck his private area into her

butt. The nurse examiner also testified that Abby suffered a tear to the back area of her

vagina caused by blunt force trauma. The State asserts that the evidence of this vaginal wall

trauma inflicted by Ringer from behind Abby provided the jury with physical evidence and

logical inferences that corroborated Abby's testimony and showed that Ringer could have

also penetrated Abby's anus during the sequence of events in which he penetrated her vagina

from behind. Moreover, in light of precedent, and in accordance with our standard of review,

Abby's testimony provided legally sufficient evidence of penetration to support Ringer's

convictions on both counts, including the element of sexual penetration.[9]

¶31.    Mississippi Code Annotated section 97-3-97 (Rev. 2014) defines sexual penetration

to include the following: "cunnilingus, fellatio, buggery or pederasty, any penetration of the

genital or anal openings of another person's body by any part of a person's body, and

insertion of any object into the genital or anal openings of another person's body." In

*Burrows v. State*, 961 So. 2d 701, 706 (¶13) (Miss. 2007), the Mississippi Supreme Court

found sufficient evidence to prove penetration where the victim testified the defendant

---

[9] *See Collier v. State*, 711 So. 2d 458, 462-63 (¶¶15-18) (Miss. 1998) (finding that a nine-year-old girl's conduct was consistent with that of a fondling victim and that any inconsistencies in her story were for the jury to consider and failed to render the evidence insufficient), *abrogated in part by Dilworth v. State*, 909 So. 2d 731 (Miss. 2005).

"touched her butts with his 'daddy spot[,]'" and the investigator testified that the victim told him that the defendant "touched the inside of her bottom with his 'daddy spot.'" The evidence alleged in *Burrows* showed that the victim tested positive for chlamydia, whereas the victim in the present case suffered trauma to her vaginal wall. *See id.* The *Burrows* court also found that the defendant used a vibrator on the victim and that the jury could have reasonably inferred that some degree of penetration occurred during the defendant's use of the device. *Id.* at (¶17). As the *Burrows* court acknowledged, Mississippi precedent provides that "[p]enetration, however slight, is sufficient to establish the penetration element of sexual battery." *Id.* (citing *Johnson v. State*, 626 So. 2d 631, 633 (Miss. 1993)).

¶32. Applying precedent to the instant case shows that Abby provided legally sufficient testimony to establish the element of penetration for the crime of sexual battery charged in both Counts I and II of Ringer's indictment. Also, as asserted by the State, the details of Abby's testimony were corroborated by the evidence of the trauma to the back of her vaginal wall and by the evidence of DNA on her underwear that was consistent with Ringer's DNA.[10] Moreover, the record reflects that, while Abby used childlike terms instead of anatomical or medical terms to describe her anus and the penetration, her testimony was consistent and was not impeached.[11]

---

[10] *See id.* at 462 (¶15). *See also Goss v. State*, 465 So. 2d 1079, 1082 (Miss. 1985) (stating that a victim's testimony alone, though uncorroborated, is sufficient when consistent with the circumstances).

[11] *See Collier*, 711 So. 2d at 462 (¶15) ("[O]ur case law clearly holds that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where

17

¶33. The weight and credibility of Abby's testimony was a matter solely for the jury to determine. *See Gales v. State*, 153 So. 3d 632, 648 (¶54) (Miss. 2014). Based on a review of the record and applicable caselaw, I would affirm Ringer's convictions and sentences as to both counts charged in the indictment. I therefore respectfully dissent from the majority's opinion.

**LEE, C.J., AND JAMES, J., JOIN THIS OPINION. IRVING, P.J., JOINS THIS OPINION IN PART.**

---

that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." (citations omitted)).

18