# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00117-COA

CHAD HAMILTON MAGEE                                              APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

DATE OF JUDGMENT:            01/03/2018
TRIAL JUDGE:                 HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      DANIEL CHRISTOPHER JONES
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ABBIE EASON KOONCE
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 10/30/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.   Chad Hamilton Magee appeals from an order of the Rankin County Circuit Court denying his petition for post-conviction relief. On appeal, Magee argues that all four of his sentences should run concurrently and that the circuit court erred by ordering two of the sentences to run consecutively to each other and to his first two sentences. We find no error and affirm.

¶2.   In May 2009, Magee pled guilty to grand larceny and was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC) with nine years and 97 days suspended. In June 2010, Magee pled guilty to aggravated assault and was sentenced

to ten years in MDOC custody with seven years suspended. The court ordered the sentence to run concurrently to Magee's sentence on his 2009 conviction. In May 2011, Magee pled guilty to two counts of conspiracy to commit kidnapping and was sentenced to five years in MDOC custody with four years and 364 days suspended on each count. The court ordered the sentences to be served consecutively to each other and consecutively to Magee's sentences on his 2009 and 2010 convictions. Magee was later released but failed to report to his probation officer from September 2015 to August 2016, when he was arrested in Alabama and returned to Mississippi. Based on Magee's failure to report, the circuit court revoked Magee's post-release supervision and suspended sentences and remanded him to MDOC custody to serve the remainder of his sentences.[1]

¶3. On August 31, 2017, Magee filed a petition for post-conviction relief in the circuit court. Magee alleged that his guilty pleas (entered in 2009, 2010, and 2011) were not voluntary and that the attorney who negotiated the pleas was ineffective. He also alleged that he was denied a fair revocation hearing. After reviewing Magee's petition and exhibits, the transcripts of his three plea hearings, and the transcript of his revocation hearing, the circuit court found that "it plainly appear[ed] that Magee [was] not entitled to any relief." Therefore, the circuit court denied Magee's petition. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015) (providing that a motion for post-conviction relief should be summarily

---

[1] *See* Miss. Code Ann. § 47-7-37.1 (Rev. 2015) ("Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has . . . absconded, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, 'absconding from supervision' means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.").

dismissed "[i]f it plainly appears from the [record] that the movant is not entitled to any relief"). Magee then filed a timely notice of appeal.

¶4. Magee's claim on appeal is different from the claims asserted in his petition for post-conviction relief. On appeal, he contends that his two sentences for conspiracy to commit kidnapping should run concurrently to each other and concurrently to his prior sentences for grand larceny and aggravated assault. Magee relies on the circuit judge's remark during his revocation hearing that his sentences should run concurrently.[2] However, Magee did not raise this issue in his petition for post-conviction relief. He raised the issue for the first time in a "Motion to Add Missing Exhibit Page to Petition for Post Conviction Relief," which he filed thirty-six days after his petition. Magee's motion asked the court to "allow him to place [an additional transcript page] into the record," but he never requested leave to amend his original petition for post-conviction relief.

¶5. Magee's argument on appeal is without merit. The issue is procedurally barred because Magee failed to raise the issue in his petition for post-conviction relief and failed to request or obtain leave to amend his petition. *See, e.g.*, *Gardner v. State*, 531 So. 3d 805, 808-09 (Miss. 1988) (stating that issues "not raised in [a] motion for post-conviction relief . . . may not be raised" for the first time on appeal); *Williams v. State*, 98 So. 3d 1090, 1092 (¶11) (Miss. Ct. App. 2012) (holding that if a petitioner desires to amend his petition for post-conviction relief, he must do so within thirty days or request and obtain permission of

---

[2] The circuit judge's remark was based on a misunderstanding of the terms of Magee's prior sentencing orders. The circuit judge mistakenly thought that Magee's prior sentences were all ordered to run concurrently.

the circuit court). In addition, the circuit court's remarks during the revocation hearing are not controlling. Rather, the court's subsequent *written* decision is controlling. *See Hill v. Hinds County*, 237 So. 3d 838, 844 (¶21) (Miss. Ct. App. 2017), *cert. denied*, 237 So. 3d 1269 (Miss. 2018); *Shinn v. State*, 74 So. 3d 901, 905 (¶13) (Miss. Ct. App. 2011). The court's revocation order clearly and accurately reflects that the kidnapping sentences run consecutively to each other and consecutively to Magee's prior sentences.[3]

¶6.     Magee only briefly mentions two other issues in his appellate brief. He alleges that his revocation hearing was held twenty-seven days after he was arrested in Alabama, and he alleges that he was never afforded a preliminary hearing. However, Magee failed to raise these issues during his formal revocation hearing. Therefore, the issues are procedurally barred. *See Britton v. State*, 241 So. 3d 639, 643 (¶11) (Miss. Ct. App. 2018) (citing *Presley v. State*, 48 So. 3d 526, 528 (¶9) (Miss. 2010)). These issues are also without merit, as Magee "failed to show any prejudice resulting from the lack of a preliminary revocation hearing" or the slight delay in his formal revocation hearing. *Id.*

¶7.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

---

[3] Moreover, a circuit court *cannot* alter the concurrent or consecutive nature of a defendant's sentences at a subsequent revocation hearing. *Shinn*, 74 So. 3d at 904-05 (¶¶11-12). "[O]nce the circuit judge pronounces a sentence in a felony case, a sentencing order is entered of record, and the term of court expires, the circuit judge is without jurisdiction to change or modify that sentence at a later time." *Id.* at 904 (¶11). Therefore, the circuit judge who in 2016 revoked Magee's suspended sentences could not have altered Magee's 2011 sentences for conspiracy to commit kidnapping.